CURRAULT, Judge,
dissenting.
After a careful review of the law and evidence in this case, I disagree with the majority opinion.
The facts herein are clear that Walden Scott presented a forged prescription for and received a controlled, dangerous substance. The facts also show that neither Walden Scott nor James Wilson were patients of the physician whose signature was forged. The majority herein finds these facts sufficient to infer that defendant knew the prescription he presented to the pharmacist was forged [considering the failure of defendant to produce evidence on his own behalf of the existence of James Wilson]. I disagree.
In State v. Mitchell, 421 So.2d 851 (La. 1982), a closely analogous case, the court noted in a footnote that violation of LSA-R.S. 40:971B(1) is a general intent crime, but did not relieve the prosecution of its burden of proving every element of the offense including scienter. The court stated:
“Defendant’s explanation to arresting officers that he was ‘picking the prescription up for a friend’ suggested that he did not do so ‘knowingly’, and the state bears the burden of proving every element of the offense.
“In prior cases in which this court has reversed convictions for obtaining controlled substances with forged prescriptions, the evidence, although sufficient to prove that forged prescriptions were used, was insufficient to prove the essential scienter element. Although the instant appeal also presents a case in which the forged prescription was presented to the pharmacist by a person other than the person purportedly named in the prescription to receive the drug, defendant’s statement concerning his codeine addiction formed the basis from which a rational juror could draw the inference of guilty knowledge and could conclude beyond a reasonable doubt that defendant knowingly used a forged prescription to obtain the drug to which he was addicted.” (Emphasis added)
In Mitchell, supra, as well as State v. Custard, 384 So.2d 428 (La.1980), the inference of scienter was necessarily drawn from circumstantial evidence, as must be done in this case. In that regard, LSA-R.S. 15:438 states that if a case is to be proved by circumstantial evidence, “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”
The court is constrained as well by the constitutional standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) which held
that there was sufficient evidence for a conviction if after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
In determining the sufficiency of the evidence, the Louisiana Supreme Court recently set forth in State v. Wright (La.1984) 445 So.2d 1198 the methodology to be used in reconciling Jackson and LSA-R.S. 15:438. The court stated there that:
“Exclusion of every reasonable hypothesis of innocence is therefore a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict. As we stated in State v. Chism, [436] So.2d [464] (La.1983), La.R.S. 15:438 ‘may not establish a stricter standard of review than the more general reasonable juror’s reasonable doubt formula, [but] it emphasizes the need for careful observance of the usual standard, and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence.’ ”
Applying the Wright test to the facts herein, I am of the opinion that the State *1139 did not prove the element of knowledge or intent beyond a reasonable doubt, even after viewing the evidence in the light most favorable to the prosecution. This view is supported by cases similar to the one before us previously acted upon by the Louisiana Supreme Court where the scienter was based on at least one other factor beyond the mere possession of the prescription and drugs.[1] Furthermore, it should be pointed out that this statute is unlike LSA-R.S. 40:966 C[2] where a showing of mere possession may be sufficient to impose a burden upon defendant to come forward with evidence of the statutory exemption in LSA-R.S. 40:966 C of the validity of the prescription. In this State under LSA-R.S. 40:971 B(l) and the jurisprudence, the defendant is under no burden to present evidence in his own behalf under these circumstances.[3]
Therefore, for the foregoing reasons, I respectfully dissent and would reverse the conviction.

. Mitchell, supra

State v. Custard, supra

State v. Raymo, 419 So.2d 858 (La.1982).

. In pertinent part, LSA-R.S. 40:966 C states:
"C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner or as provided in R.S. 49:978 while acting in the course of his professional practice, or except as otherwise authorized by this part. Any person who violates this subsection with respect to: .... ”

.Vol. 1, Charles E. Torcía, Wharton’s Criminal Evidence § 1-264 pages 16-25 § 12 — § 16, 13th Edition (1972).