PER CURIAM.
Defendant, Ethel Mae Buckhalter, was charged by bill of information with attempting to obtain a controlled dangerous substance by fraud in violation of LSA-R.S. 40:971 B(l)(b) and LSA-R.S. 40:979(A). Following a bench trial, the defendant was found guilty as charged and was later sentenced to two years at hard labor. The defendant now appeals asserting two assignments of error. We affirm.
FACTS
On February 18, 1983, defendant, Ethel Mae Buckhalter, entered Lakeshore Pharmacy in Monroe and presented two forged prescriptions. One of the prescriptions was for talwin 50 mg., a CDS, the other for ampicillin. These prescriptions bore the forged signature of a fictitous doctor, Dr. J.B. Becker, and were written on a prescription form of E.A. Conway Memorial Hospital in Monroe. They were made out to one Betty Sutton, 418 Washington Street, Monroe, Louisiana. The pharmacist, Mr. Walter J. Pierron, Jr., immediately became suspicious that the prescriptions were fraudulent. Mr. Pierron became suspicious about the prescriptions because the one for Talwin was for an unusually large amount, he was unfamiliar with' both the doctor and the patient, and he recognized that the address on the prescriptions did not exist. Due to his suspicion, Mr. Pier-ron attempted to verify the prescriptions by telephone. Noticing Mr. Pierron’s actions, defendant turned and started towards the door. Mr. Pierron followed the defendant and watched her leave in an occupied car. Mr. Pierron, however, was able to write down the license number of the car and its description and notified the Ouachita Parish Sheriffs Office.
Later that day, officers executed a search warrant for the residence of defendant in Amite, Louisiana. Approximately 50 prescription forms were discovered including several forms from E.A. Conway Hospital, one of which was made out to a Betty Sutton and signed by a Dr. J.B. Becker for amphicillin. Based on this information, defendant was arrested and charged in the instant offense.
At trial, Mr. Pierron identified the defendant in court and testified regarding his identification of the defendant in a photographic lineup held on March 2,1983. Mrs. Jeanette Covington, an employee at the Lakeshore Pharmacy, also identified the defendant in court.
ASSIGNMENT OF ERROR NO. 1
In this assignment defendant argues that the trial court erred in imposing an unconstitutionally excessive sentence. Defendant acknowledges the fact that the trial judge adequately articulated his reasons for sentence. However, she argues that the sentence imposed is excessive and cruel due solely to its length.
A sentence is unconstitutionally excessive in violation of Article I, § 20 of the Louisiana Constitution where it is grossly out of proportion to the severity of the crime or it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). Although a sentence is within statutory limits it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). However, the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Hammonds, 433 So.2d 452 (La.App.2d Cir.1983), writ denied 439 So.2d 1074 434 (La.1983). In determining whether a sentence is constitutionally excessive, the sentencing guidelines of LSA-C.Cr.P. art. 894.1 provide the relevant criteria. State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983); State v. Sepulva-do, supra.
In the instant case, the trial court noted that defendant was a second felony offender and was therefore ineligible for *841 parole. In brief, defendant argues since she had not yet been .placed on probation on the previous charge, she was still eligible for probation in the instant case. In a felony case, LSA-C.Cr.P. Article 893 affords the trial judge the discretion to suspend a sentence and place a defendant on probation “for the first conviction only.” Thus, a previous conviction, regardless of when sentence is imposed, precludes the possibility of probation upon a second felony conviction. See also, State v. Lee, 436 So.2d 718 (La.App. 4th Cir.1983).
Furthermore, even if probation was possible, the trial judge found that due to defendant’s past history of drug involvment there would be an undue risk that she would commit a similar crime. The trial court also found the defendant to be in need of correctional treatment which could only be provided by a custodial environment. The trial court also found that a lesser sentence would deprecate the seriousness of the crime, that there was no indicia that incarceration would cause hardship to anyone except the defendant, that the defendant committed the crime without any strong provocation and that she must have contemplated her criminal conduct. Finally, the trial court considered the defendant’s prior juvenile history and her adult criminal history and concluded her criminal conduct was a result of circumstances likely to recur.
These findings by the trial court are all relevant criteria set forth in art. 894.1 and provide an adequate basis for the sentence imposed. We note, the sentence imposed is not even the maximum for the charge. Considering the serious nature of the crime, defendant’s past history of drug involvment and the lack of any propensity for change, we cannot find the sentence imposed to be excessive.
ASSIGNMENT OF ERROR NO. 2
In this assignment defendant argues that the trial court erred in finding that the defendant possessed knowledge that the prescription was fraudulent. Defendant cites State v. Scott, 456 So.2d 1383 (La.1984) for the proposition that “since this is a circumstantial evidence case, the court must determine whether assuming every fact to be proved that the evidence tends to prove, every reasonable hypothesis of innocence is excluded.” In State v. Eason, 460 So.2d 1139 (La.App.2d Cir.1984) this court recently clarified the standard to be applied in a circumstantial evidence case, stating “the statutory rule [for circumstantial evidence] is not a purely separate test from the Jackson standard.” The Jackson Standard [1] is ultimately still “the objective standard for testing the overall evidence, direct and circumstantial ... The statutory rule [merely] provides an additional evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. Exclusion of every reasonable hypothesis of innocence is, therefore, a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict.” Id.
After a careful review of the evidence we find that a rational trier of fact could have found beyond a reasonable doubt that defendant had the requisite guilty knowledge that the prescriptions were fraudulent. First, one of the prescriptions, the one for Talwin, was written for an unusually high quanity, 60 pills. Second, both prescriptions had a false doctor, a false patient and listed a non-existent address. However, the strongest evidence of defendant’s guilty knowledge is provided by her own action in quickly exiting from the pharmacy and fleeing in a waiting car when the pharmacist attempted to call the prescriptions in for verification. It is well established that a defendant’s flight from the scene of a crime indicates con *842 sciousness of guilt, and as such, is one of the circumstances from which guilt may be inferred. State v. Fuller, 418 So.2d 591 (La.1982) and State v. Patterson, 459 So.2d 714 (La.App. 4th Cir.1984). Finally, there was testimony that other prescription pads from E.A. Conway were found in defendant’s possession and that one of these prescriptions was written in the same form as the two prescriptions presented at Mr. Pier-ron’s drug store.
Unlike the situation in Scott, there was sufficient evidence presented in the instant case that a rational trier of fact could find that defendant knew the prescriptions were fraudulent beyond a reasonable doubt. This case is more squarely on point with the facts presented in State v. Custard, 384 So.2d 428 (La.1980), wherein the Louisiana Supreme Court held that the defendant’s action of attempting to pass a fraudulent prescription to a friend when he saw the police arrive, provided sufficient proof of defendant’s guilty knowledge so as to exclude any reasonable hypothesis of innocence. Therefore, we cannot hold that the trial court committed manifest error in finding the state proved beyond a reasonable doubt that the defendant had the requisite guilty knowledge. Accordingly, the conviction and sentence of the defendant, Ethel May Buckhalter, are affirmed.
AFFIRMED.

. The Jackson standard is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).