STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-8

STATE OF LOUISIANA

VERSUS

TRACEY H. WESTFALL

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, DOCKET NO. CR-26-06
HONORABLE HERMAN I. STEWART, JR., DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Osward A. Decuir, and James T. Genovese, Judges.

AFFIRMED.

Mary Constance Hanes
Louisiana Appellate Project
Post Office Box 4015
New Orleans, Louisiana 70178-4015
(504) 866-6652
COUNSEL FOR DEFENDANT/APPELLANT:
    Tracey H. Westfall

David W. Burton
District Attorney - Thirty-sixth Judicial District
ADA James R. Lestage
Post Office Box 99
DeRidder, Louisiana 70634
(337) 463-5578
COUNSEL FOR APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

On January 19, 2006, Defendant, Tracey H. Westfall, was charged by bill of information with four counts of obtaining a controlled dangerous substance (CDS) by fraud, in violation of La.R.S. 40:971(B)(1)(b). On August 23, 2006, Defendant pled guilty to all four counts. Defendant was sentenced on October 26, 2006 to two and one-half years at hard labor on each count with the sentences to run concurrently. The trial court also imposed a $250.00 fine and court costs on each count. On November 2, 2006, Defendant filed a motion to reconsider sentence which was denied on the same day. On November 6, 2006, Defendant filed an appeal and is now before this court alleging that her sentence is excessive. We find Defendant's sentence is not excessive.

## FACTS

The following facts were adduced at Defendant's plea hearing: During the months of September and October of 2005, Defendant fraudulently obtained Hydrocodone and Alprazolam (Xanax).

## ASSIGNMENT OF ERROR

In her sole assignment of error, Defendant asserts that her sentence of two and one-half years on each count is excessive as applied to the particular circumstances of her case, which is the same assertion she made in her motion to reconsider sentence. As Defendant's only assignment of error is that her sentence is excessive, we will evaluate her claim as a bare claim of excessiveness.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive

1

sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

In this case, Defendant pled guilty to four counts of obtaining a CDS by fraud, in violation of La.R.S. 40:971(B)(1)(b). The sentence for obtaining a CDS by fraud is up to five years in jail, and up to a $5,000.00 fine. *See* La.R.S. 40:971(B)(2). Subsequent to pleading guilty to four counts of obtaining a CDS by fraud, Defendant

2

was sentenced on each of the four counts to two and one-half years at hard labor and was ordered to pay a $250.00 fine as well as court costs, with the sentences on all four counts to run concurrently with each other. In imposing its sentence, the trial court reviewed Defendant's criminal history, which included: a previous conviction for ten counts of obtaining a CDS by fraud on January 30, 2003; bank fraud on April 19, 2004; six counts of obtaining a CDS by fraud and one count of identity theft on April 5, 2006; and felony theft on June 19, 2006. In summarizing Defendant's criminal history, the court stated, "[y]ou now have six separate felony convictions . . . . To my knowledge, you have not previously been incarcerated for any of your convictions, except perhaps for a short period following your arrest." The trial court went on to comment, "I find that the aggravating conditions of your criminal history far outweigh the mitigating factors; and based on your criminal history, I do not find that you would be a good candidate for probation." In this case, Defendant, a registered nurse with a history of this type of activity, wrote herself prescriptions for Hydrocodone and Alprazolam (Xanax), allegedly for depression.

We find that the sentence imposed by the court is supported by the record and is not excessive. *See State v. Buckhalter*, 480 So.2d 839 (La.App. 2 Cir. 1985), in which the court affirmed a two-year sentence for attempting to obtain a CDS by fraud, holding the sentence was not excessive. In *Buckhalter*, at the conclusion of her trial, Defendant was sentenced to two years at hard labor, and the court noted that because of Defendant's history of drug involvement, there would be an undue risk that she would commit a similar crime. *Id.*

It is noteworthy that Defendant's sentence of two and one-half years is half of the maximum that she could have received under the statute. Based on the facts and

circumstances presented in the record, we find that Defendant's sentence was not excessive.

## DISPOSITION

We find that the trial court did not err in sentencing Defendant to two and one-half years at hard labor on each count plus a $250.00 fine and court costs subsequent to her pleading guilty to four counts of obtaining a CDS by fraud, as said sentence is supported by the record. Consequently, Defendant's sentence is affirmed in its entirety.

**AFFIRMED.**