385 So.2d 244 (1980)
STATE of Louisiana
v.
Victor MARCELLO.
No. 66732.
Supreme Court of Louisiana.
June 23, 1980.
L. Howard McCurdy, Robert F. Barnard, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
WATSON, Justice.
Defendant, Victor Marcello, was charged by bill of information with simple burglary of the New Orleans Public Service, Inc. (NOPSI) building at 921 Union Street. Defendant waived trial by jury and was convicted by the trial judge. The court minutes and a notation on the bill of information reflect that the conviction was for attempted simple burglary. The transcript shows that the defendant was advised by the court both at verdict and sentencing that he had been convicted of simple burglary. The problem this conflict would otherwise present is obviated by the fact that there is no evidence of the specific intent necessary for a valid conviction of either crime. LSA-R.S. 14:62; LSA-R.S. 14:27.
A verdict of guilt is justified only when the record shows that at least some evidence was before the trier of fact for each essential element of the offense. See State v. Main Motors, Inc., 383 So.2d 327 (La., 1979) and State v. Mouton, 366 So.2d 1336 (La., 1978).
*245 The simple burglary statute states, in pertinent part, that:
"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, ..."
LSA-R.S. 14:62.
The defendant must have had the specific intent to commit either a felony or a theft at the time of his unauthorized entry. State v. Anderson, 343 So.2d 135 (La., 1977). The requirement of specific intent also applies to attempted simple burglary. State v. Walker, 328 So.2d 87 (La., 1976).
"Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired and prescribed criminal consequences to follow his act or his failure to act." LSA-R.S. 14:10.
The State had to introduce at least some evidence that defendant had the active desire to commit a felony or theft in the NOPSI building.
Marcello testified that he had entered the building to clean up before looking for employment that evening. He had been sleeping in an air conditioning unit on the roof and had climbed down a ladder to enter the third floor ladies' restroom. Marcello washed with soap and water in the lavatory. Then, wiping his face with a wet paper towel, he entered the hallway from the restroom. He was immediately spotted by porter Kevin Smith who had heard the sound of running water. Marcello ran back into the restroom, climbed out the window, and jumped four feet across into an adjacent parking garage. Police found, chased and arrested him in the garage. Porter Smith, who had cleaned the restroom earlier in the evening, found "a lot of dirt" left there (Tr.7).
None of the direct or circumstantial evidence shows that defendant had a specific intent to commit theft or any other felony. His entry into the third floor hallway from the restroom is consistent with his statement that he was looking for an easier exit. No property was reported missing. Marcello took nothing from NOPSI except some soap and a paper towel. Compare State v. Anderson, supra, where Anderson was apprehended with stolen property. Marcello had no burglary tools. His flight does not necessarily show guilty intent to commit theft or a felony under these circumstances. Marcello may have run merely because he was not authorized to be on the NOPSI premises and had past convictions for "sleeping in public places" (Tr.17). His activity in the building negates any implication that he intended the offense charged.
Because the State failed to present any evidence of an essential element of the offense, the evidence is not sufficient to support the conviction. Double jeopardy has attached, and Marcello must be acquitted. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); State v. Thompson, 366 So.2d 1291 (La., 1978).
The defendant's conviction and sentence are reversed.
REVERSED.