442 So.2d 713 (1983)
STATE of Louisiana
v.
Earl MERRELL, Jr.
No. 83 KA 0416.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*714 Ossie B. Brown, Dist. Atty., Louis Daniel, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Johnny E. Wellons, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Defendant, Earl Merrell, Jr., appeals his conviction for simply burglary of an inhabited dwelling[1] in violation of L.S.A.-R.S. 14:62.2. On appeal, he contends that the trial court erred in: (1) denying defendant's post-verdict judgment of acquittal on the grounds that the State failed to prove the intent to commit a felony or theft beyond a reasonable doubt, (2) denying defendant's motion for clarification of the number of jurors necessary to render a verdict, (3) failing to overturn defendant's conviction based on failure to prove specific intent, (4) failing to require the State to prove all the elements of the crime beyond a reasonable doubt, and (5) denying defense counsel's motion for a mistrial when defense counsel was informed by one juror that he would have voted for acquittal if he had known the jury could return a verdict with less than 10 jurors in agreement.
Assignments of error Nos. 1, 3, and 4 raise the sufficiency of the evidence supporting defendant's conviction[2], whereas assignments of error Nos. 2 and 5 complain of the court's instructions regarding the number of jurors necessary to concur in rendering a verdict. We reverse, finding that the State has failed to prove an essential element of the crime. As such, we need not address defendant's assignments of error Nos. 2 and 5.
Defendant specifically argues that the State failed to prove that he had the intent to commit a felony or theft therein upon entering the dwelling. The State argues that this intent can be inferred from the defendant's mere presence in the home.
This court, in reviewing a conviction based upon circumstantial evidence, *715 must consider two standards. First, a conviction cannot stand unless, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); and State v. Graham, 422 So.2d 123 (La.1982). Secondly, in order to support a conviction based upon circumstantial evidence, it must exclude every reasonable hypothesis of innocence. L.S.A.-R.S. 15:438; and State v. Ricks, 428 So.2d 794 (La.1983).
In this instance, specific intent (i.e., "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act," L.S.A.-R.S. 14:10) is required. See State v. Anderson, On rehearing, 343 So.2d 135 (La.1976). At trial, no actual evidence of intent was introduced. However, intent need not be proven as a fact, but may be inferred from the circumstances surrounding the commission of the crime. L.S.A.-R.S. 15:445; State v. Staton, 433 So.2d 222 (La.App. 1st Cir.1983). Further, the State may rely on such circumstantial evidence to prove the intent element of the crime. State v. Custard, 384 So.2d 428 (La.1980).
Here, the record reflects that the defendant spent approximately 15-30 seconds in the victim's home, walking about the first floor. It also reflects that the defendant did not have in his possession any weapons or tools with which he could effect a burglary. Having been discovered and followed, defendant did not run but rather wandered away. As such, a possible reasonable hypothesis could be that the defendant was merely wandering.[3] Such hypothesis was never excluded by the State. The State, in failing to exclude every reasonable hypothesis of innocence, has failed to prove an essential element of the crime, more particularly, specific intent.
For the above and foregoing reasons, defendant's conviction is hereby reversed.
REVERSED.
COLE, J., respectfully dissents.
NOTES
[1] 62.2. Simple burglary of an inhabited dwelling

"Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
"Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years."
[2] Assignments of error three and four have no legal basis. In assignment number three, defendant submits that the court erred in not overturning and reversing defendant's conviction for failure to prove specific intent. The trial court is not empowered to accept or reject a jury verdict which is correct as to form and which meets procedural requirements. La. Const. art. 1, § 17; L.S.A.-C.Cr.P. arts. 809-820; and State v. Parker, 431 So.2d 114 (La.App. 1st Cir.1983). In assignment number four, defendant submits that the court erred in failing to require the State to prove all essential elements of the crime beyond a reasonable doubt. The trial court cannot direct a verdict in a jury case. See L.S.A.-C.Cr.P. art. 778. Further, the court does not control the State's presentation of evidence.
[3] Such wandering may, in the instant case, constitute the crime of criminal trespass. L.S.A.-R.S. 14:63. However, criminal trespass is not a responsive verdict to a charge of simple burglary. See L.S.A.-C.Cr.P. arts. 814-15.