446 So.2d 917 (1984)
STATE of Louisiana
v.
Leonard MOORE.
No. 83 KA 0931.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*918 Charles V. Genco, Asst. Dist. Atty., Amite, for state-appellee.
Kenneth F. Sarama of Baham & Anderson, Hammond, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Defendant, Leonard Moore, appeals his conviction for simple burglary in violation of L.S.A.-R.S. 14:62. On appeal, he contends there is insufficient evidence to support a verdict of guilty. Alternatively, he argues that his sentence is excessive.
On September 10, 1982, at approximately 11:00 P.M., the Hammond police were called to the premises of Southern Pipe and Supply Company when a silent alarm alerted the police that their attention was required. The building from which the alarm was triggered is enclosed by a 6-7 foot cyclone fence topped with three strands of barbed wire.
Four officers arrived on the scene to investigate. Upon investigating the area from outside the fence, Officer Day noticed that the corner of the metal building had been pulled back to create a passageway. From this passageway, Day saw a black male exit the building. When Day hollered at the suspect, the suspect ran. Several of the other officers also saw the suspect in his flight. All the officers described the suspect to be a black male, approximately *919 5'10" to 5'11" tall, and 160-170 pounds, wearing a blue T-shirt and blue jeans.
Shortly thereafter, Officer Connelley was advised that the suspect was running in his direction. At that time, he heard something stick to the far east side of the fence. In response thereto, he went to the east side and began walking the fence line to determine the source of the sound. He noticed a clearing and walked up to the fence. Thereupon, he saw a negro male lying on the ground inside the fenced area. As he directed the flashlight on the subject's face, the suspect fled.
No one was apprehended at the scene nor was any other suspect seen on the premises. Further, investigation thereof failed to reveal any theft. However, in a grassy area to the east of the building, police discovered a lone vehicle. Because the engine was warm, the officers ran a license check. This check revealed that the car was registered to Leonard Moore, defendant herein. The police "staked out" the car for about another hour but no one returned for it.
From the license check, the driver's license number of the car owner was obtained. A driver's license check was then run to obtain a physical description of the registered owner, Moore. This description matched the police officer's description of the suspect at the scene.
Pursuant thereto, Moore was requested to come to the station for questioning. After being advised of his rights, he was questioned, but denied any knowledge of the burglary. Upon request, he consented to having his photograph taken. Once obtained, it was placed in a "mug book" with numerous other photographs. From this book, Officer Connelley identified the defendant as the suspect he saw on the premises on the night in question. Further, Officer Connelley made a positive identification of defendant at trial.
At trial, defendant testified that he had not been on the premises. While he admitted parking his car in the grassy area, he explained that he had gone to a barroom and, ultimately, walked home in a highly intoxicated condition. Defendant had two witnesses who testified that they had been with the defendant that evening at places other than the scene of the crime. However, we note that their testimony relates to a time period prior to the time of the crime and to locations not inconsistent with the defendant being at the crime scene at the time alleged. Defendant's wife testified that he was home by 11:15 P.M.
Defendant was subsequently convicted of simple burglary and sentenced to six years at hard labor.

I.
Defendant's assignment of error as to the insufficiency of evidence to convict is based on two factors: (1) an incorrect identification of defendant as the suspect, and (2) failing to prove an essential element of the crime; i.e., the intent to commit a felony or theft.
A conviction cannot stand unless, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Graham, 422 So.2d 123 (La.1982), rehearing denied Dec. 10, 1982, appeal dismissed for insufficient federal question, ___ U.S. ___, 103 S.Ct. 2419, 77 L.Ed.2d 1309 (1983). Also, in order to support a conviction based upon circumstantial evidence, the evidence must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438; State v. Graham, supra.

(1)
After reviewing the evidence under the above standards, we find that the State proved that defendant was the black male the officers saw at the crime scene. Several officers testified as to the suspect's physical description, which description fits the defendant. Further, the suspect was seen exiting the building and running in Officer Connelley's direction. Shortly *920 thereafter, Officer Connelley, upon hearing a noise and investigating, saw the suspect face-to-face. Later, that officer made a positive out-of-court identification of defendant as the person he saw at the crime scene. Furthermore, Officer Connelley made a positive in-court identification of the defendant as that same person.

(2)
To be guilty of simple burglary, the defendant must have had the specific intent to commit a felony or theft therein at the time of his unauthorized entry. See L.S. A.-R.S. 14:62; and State v. Marcello, 385 So.2d 244 (La.1980). Specific intent is defined as that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. L.S.A.-R.S. 14:10.
From the totality of the circumstances, we find that not only could any rational trier of fact conclude that the defendant had the requisite intent to be guilty of simple burglary, but that the evidence thereto excludes every reasonable hypothesis of innocence.
The offense occurred at 11:00 P.M. on a Friday night. The record shows that defendant's car was parked in a weeded field a short distance from the crime scene. There was a 6 to 7 foot fence surrounding the building which defendant had to negotiate in order to enter the premises. Further, the corner of the metal building was pulled back to create a passageway to enter and exit the building. A silent alarm guarding the office area was triggered inside the building. Defendant was discovered on the premises by the police. Further, the defendant ran from the police officers and ignored their commands to stop.[1]
We note that this case is factually distinguishable from State v. Merrill, 442 So.2d 713 (La.App. 1st Cir.1983), decided November 22, 1983, wherein the defendant entered a house, walked through several rooms and exited the house. After exiting, the defendant knocked on the door and asked for directions. The alleged offense occurred during the day. Further, there was no forced entry nor flight from the area by defendant after he was discovered at the house.

II.
Defendant next alleges his sentence of six years at hard labor is excessive. We note that this sentence is within the statutory limits provided upon conviction of this crime.[2] However, a sentence imposed within the statutory limits may still violate Louisiana's prohibition against excessive sentences. See La. Const. Art. I, Section 20; and State v. Sepulvado, 367 So.2d 762 (La. 1979).
The appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive are the guidelines provided in La.C.Cr.P. art. 894.1. These guidelines are applicable whether excessiveness is claimed by reason of the length of sentence or because the sentence specifies confinement rather than less onerous sentencing alternatives. State v. Sepulvado, supra.
We recognize that the trial court considered that this was defendant's first felony offense and that he is married and the father of three children. Further, in compliance with La.C.Cr.P. art. 894.1, the trial court opined that a lesser sentence would deprecate the seriousness of the crime. However, we are also aware that the trial court considered several factors against defendant *921 which we believe are not appropriate for consideration in imposing sentence.
The first factor was defendant's testimony that he was out drinking and attempting to see another woman. The trial court felt that this countered defendant's appearance as a good family man. While this court does not necessarily condone such actions by defendant, we do not find that such testimony rebuts other trial evidence that defendant resides with and supports his wife and three children. Such being the case, it is our belief that defendant's imprisonment would entail excessive hardship to his dependants. Secondly, the trial court considered the testimony of the manager of the premises burglarized regarding the numerous burglaries which have occurred there in the past. The trial court viewed this testimony as indicative of "the expensive steps which are required to be taken now-a-days to prevent the numerous burglaries which are occurring in this parish which has [sic] led to great loss of property as well as expenditure of money on behalf of the citizens of the parish." It is important that there is no evidence to infer or connect the defendant with any of the previous burglaries to the premises in question or in the parish at large. For this reason, it was inappropriate for the trial court to consider such testimony. A defendant is to be sentenced according to the particular facts and the individual circumstances of his case. See State v. Dunns, 404 So.2d 1235 (La.1981).
The pre-sentence investigation report shows that defendant is a first time felony offender and had no juvenile record whatsoever. His adult record reveals only automobile and traffic-related convictions. At the time of defendant's arrest for the instant offense, he was working as a laborer for a bag company in Hammond and had been so employed for two years prior thereto. According to the evidence, nothing was taken as a result of the burglary and no restitution was due the complainant.
We note that defendant's conduct neither caused nor threatened any serious harm to persons. The offense occurred at 11:00 P.M. when there would be no one on the premises. Defendant was not armed.
In light of the above, we cannot agree with the trial court that a lesser sentence would deprecate the seriousness of the crime. The imposition of a prison sentence of six years at hard labor herein is so inappropriate that it represents a clear abuse of the trial court's sentencing discretion which violates defendant's right against excessive punishments.
There is nothing in the record to indicate that the defendant would not respond favorably to a far less onerous sentence or to probation and/or even a suspended sentence. Further, circumstances indicate that any sentence, suspended or not, should not be of an extended nature and should be to the parish prison rather than the Department of Corrections.
For the foregoing reasons, the conviction is affirmed, the sentence of the trial court is set aside, and the case is remanded for re-sentencing in accordance with the views expressed herein.
CONVICTION AFFIRMED, SENTENCE SET ASIDE, CASE REMANDED FOR RE-SENTENCING.
COLE, J., concurs in affirmation of conviction but dissents from setting aside the sentence and remanding for re-sentencing.
NOTES
[1] We note that while an individual's flight does not in and of itself indicate any guilt, it can be considered as circumstantial evidence that one has committed an offense. It is admissible into evidence as relevant to show consciousness of guilt. State ex rel. Womack v. Blackburn, 393 So.2d 1216 (La.1981), rehearing denied, March 2, 1981.
[2] Under L.S.A.-R.S. 14:62, whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.