476 So.2d 965 (1985)
STATE of Louisiana
v.
Raymond E. ROUNDS.
No. KA 84 1535.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
*966 Alexander L. Doyle, Asst. Dist. Atty., Houma, for plaintiff and appellee State of Louisiana.
Indigent Defenders Office, Houma, for defendant and appellant Raymond E. Rounds.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
LANIER, Judge.
The defendant, Raymond E. Rounds, was charged in a bill of information with simple burglary in violation of La.R.S. 14:62. He pled not guilty, waived his right to a trial by jury and was found guilty as charged by the trial judge. He was sentenced to serve three years in the custody of the Louisiana Department of Corrections. This appeal followed.

FACTS
Cycle World is a business operated in a building located at 1910 Canal Boulevard in the City of Thibodaux, Terrebonne Parish, Louisiana. Cycle World is open to the public for business from 9:00 a.m. to 6:00 p.m. on Monday through Friday and from 8:00 a.m. through 12:00 noon on Saturday. Cycle World had a silent alarm system connected to the Thibodaux Police Department.
At approximately 9:00 p.m. on September 3, 1983, Captain Keith Estevens of the Thibodaux Police Department was in his police vehicle a short distance from Cycle World when he received a call from police headquarters that the silent alarm had gone off at Cycle World. Estevens immediately responded to the call and arrived at Cycle World in approximately ten seconds. As Estevens turned into the Cycle World parking lot, he observed the glass broken out of the right-hand side of the front door. The hole in the glass was large enough for a person to fit through it. Estevens called for backup and put his headlights on bright. He saw a person about fifteen feet inside the building crouched down behind some motorcycles. As Estevens exited his vehicle, the person in the building stood up and began walking toward the building door. Estevens recognized the person in the building as Raymond "Beau" Rounds. Estevens observed that Rounds had a walking cane in his hand. Estevens told Rounds to put the cane down and come outside the building. Rounds responded he needed the cane to walk and came through the broken glass to the outside of the building. Estevens told Rounds to put his hands in the air, drop the cane and get into the police vehicle. Rounds then acted excited and, in a loud voice, told Estevens that "the bitch that done it is running this way". Rounds pointed with the cane down the street. Rounds then lunged at Estevens. Estevens feared he would be hit with the cane, drew his service revolver and attempted to shoot, but the gun misfired. Rounds grabbed the gun barrell and cylinder and Estevens and Rounds fought over *967 the gun. Rounds told Estevens "I'm going to kill you, you bitch".
At this time, Hal J. Ribboll, a Louisiana State Policeman, and Michael S. Russell, an officer in the United States Customs Service, were traveling on Canal Boulevard with their wives. The officers observed the revolving blue light on Estevens' vehicle and saw a uniformed officer struggling with a person over a pistol. Ribboll and Russell drove into the Cycle World parking lot. As they arrived, Rounds flipped Estevens onto his back. Rounds stood over Estevens and Estevens held the pistol in his hand and pointed it at Rounds. Ribboll and Russell assisted Estevens in subduing Rounds.
Nothing belonging to Cycle World was found in Rounds' possession. Rounds did not have a mask, gloves, flashlight, sack or burglary tools in his possession. The only weapon Rounds had was the cane. No evidence was presented to show that anything belonging to Cycle World had been taken or moved.

OTHER CRIMES EVIDENCE
Rounds contends the trial court committed prejudicial error when it allowed the State to introduce evidence of the attack by Rounds upon Estevens.
The general prohibition against the use of other crimes evidence does not bar admission of criminal acts which are an inseparable part of the whole deed and, thus, are part of the res gestae. Other crimes evidence is admissible when it is related and intertwined with the charged offense to such an extent that the State could not have accurately presented its case without reference to it. See State v. Sanford, 446 So.2d 1381 (La.App. 1st Cir. 1984) and the cases cited therein. An essential part of a burglary is a safe and undetected retreat (escape) from the premises with the fruits of the crime. State v. Holmes, 451 So.2d 1175 (La.App. 1st Cir. 1984), writ denied, 456 So.2d 1008 (La. 1984).
It can reasonably be inferred that Rounds' attack on Estevens was motivated by a desire to avoid apprehension and to perfect an escape. In this factual posture, the attack on Estevens for the purpose of escaping is related to and intertwined with the charged offense to such an extent that the State could not accurately present its case without reference to it and is part of the res gestae. See State v. Anthony, 427 So.2d 1155 (La.1983) and the cases cited therein.
Further, flight and/or attempt to avoid apprehension indicate consciousness of guilt and, therefore, are circumstances from which a trier of fact may properly infer guilt. State v. Fuller, 418 So.2d 591 (La.1982); State v. Aitch, 465 So.2d 27 (La.App. 1st Cir.1984); State v. Davis, 463 So.2d 733 (La.App. 4th Cir.1985). Flight from the scene of a crime and/or resisting arrest are considered as admissions by conduct which constitute circumstantial evidence of consciousness of guilt. E. Cleary, McCormick's Handbook of the Law of Evidence, § 271, pp. 655-656 (2nd ed. 1972). Thus, even though it is part of the res gestae, evidence of flight and/or resisting arrest has independent relevance to the merits of a criminal case.
This assignment of error is without merit.

SUFFICIENCY OF EVIDENCE
The defendant contends the trial court committed error by denying his motion for a new trial because there was insufficient evidence of the essential elements of the crime of simple burglary and the circumstantial evidence upon which the State relied was not sufficient to exclude every reasonable hypothesis of innocence.[1] Specifically, the defendant contends the State "offered no evidence whatsoever to *968 prove that the defendant had intent to commit a felony or theft."
In State v. Mathews, 375 So.2d 1165 (La.1979), a majority of the Louisiana Supreme Court determined that the United States Supreme Court case of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) required that the standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This standard for the appellate review of facts in criminal cases has been made statutory. La.C.Cr.P. art. 821; State v. Captville, 448 So.2d 676 (La.1984); State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). The Jackson standard of Article 821 is an objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the finder of fact must be satisfied the overall evidence "excludes every reasonable hypothesis of innocence". La.R.S. 15:438 does not establish a stricter standard of review than the Jackson standard but "provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence." State v. Chism, 436 So.2d 464, 470 (La. 1983).
A plea of not guilty places upon the State the burden of proving beyond a reasonable doubt each element of the crime charged. La.R.S. 15:271; La.C.Cr.P. art. 804(A)(1); State v. Humphrey, 412 So.2d 507 (La.1981); State v. Gomez, 433 So.2d 230 (La.App. 1st Cir.1983), writs denied, 440 So.2d 730 (La.1983) and 441 So.2d 747 (La.1983). For purposes of the instant case, the crime of simple burglary is the unauthorized entering of a structure with the intent to commit a felony or any theft therein. La.R.S. 14:62.
There is no direct evidence in the record to show the defendant had the specific intent to commit a felony or any theft when he entered Cycle World. The defendant contends the circumstantial evidence is not sufficient because he did not have in his possession a mask, gloves, burglary tools, a weapon (other than the cane), a flashlight, a sack, or anything belonging to Cycle World. The evidence presented by the State does not reflect that anything was moved in Cycle World or that the defendant ever touched anything. Conversely, the record does show that Rounds was not an employee of the store and had no permission to be on the premises during nonbusiness hours. In this factual posture, he was a "stranger" to the premises. The evidence also shows entry to the building was forced and Rounds initially attempted to conceal himself when Estevens drove up to the premises. After Rounds was ordered by Estevens to get into the police car, he attempted to divert Estevens' attention by making a statement about the person "that done it" who was "running this way" and gestured with his cane. He then violently attacked Estevens. It can reasonably be inferred that the attack upon Estevens was to accomplish a flight from arrest and the premises.
The question of what constitutes sufficient circumstantial evidence to prove the specific intent to commit a theft or a felony in a simple burglary case has been extensively litigated. In State v. Ricks, 428 So.2d 794 (La.1983), there was a forced entry (screen door latch pulled loose) around midnight. The defendant had no mask, gloves, burglary tools or a weapon. Nothing belonging to an occupant of the residence was found in the defendant's possession. However, the defendant was not a "stranger" to the premises and claimed that he was attempting to visit a female occupant of the premises. This evidence was found insufficient.
In State v. Jones, 426 So.2d 1323 (La. 1983), the defendant was found in the alleged victim's home late at night. The defendant was a neighbor of the victim and contended he went to the victim's home to get a ride to the hospital. The defendant looked like a person in a drunken stupor *969 and possessed no burglary tools, weapon, mask or gloves. Nothing belonging to the defendant was found in his possession. The Court held this evidence was insufficient and that mere unauthorized presence on the premises did not constitute a burglary.
In State v. Marcello, 385 So.2d 244 (La. 1980), the evidence indicated the defendant had been sleeping in an air-conditioning unit on the roof of a building and climbed down a ladder and entered a third floor restroom. The defendant washed with soap and water and entered a hallway from the restroom. The defendant was observed by a porter and ran back into the restroom, climbed out of the window and fled into an adjacent parking garage. He was subsequently chased and arrested by the police in the garage. No property was reported missing. The defendant was not found with any burglary tools and his flight was caused by past convictions for sleeping in public places. This evidence was found insufficient.
In State v. Merrell, 442 So.2d 713 (La. App. 1st Cir.1983), the defendant walked into the victim's home, walked around for about fifteen to thirty seconds and left. He did not have possession of any weapons or burglary tools. The defendant did not run but rather wandered away. The defendant took nothing from the victim's home during the incident. This evidence was found insufficient.
In State v. Patterson, 459 So.2d 714 (La. App. 4th Cir.1984), a neighbor observed an open window on an unoccupied house across the driveway from her house. She also observed a strange car in front of the house and called the police. Within several minutes, she heard a horn blow and saw the police approach from both corners. The defendant exited the vacant house from the open window with a screwdriver in his hand. The defendant ran down the driveway, got in the waiting car and fled. Further investigation revealed the window had been forced open. A pair of pliers was lying on the ground beneath the window. Inside the premises, a window air-conditioning unit had been removed and dragged from another room. The court found this evidence was sufficient.
In State v. Perkins, 450 So.2d 396 (La. App. 1st Cir.1984), writ denied, 452 So.2d 694 (La.1984), the victim returned home and noticed the lock on the back door of his house had been pried open. He entered the house and observed the defendant standing in his kitchen. All of the kitchen cabinet drawers were open. The court found the defendant's presence in the home of a total stranger, the forcible entry and the evidence that the kitchen had been searched excluded every reasonable hypothesis but that the defendant had the intent to commit a theft therein and, thus, the evidence was sufficient.
In State v. Jacobs, 435 So.2d 1014 (La. App. 1st Cir.1983), the police received an anonymous call a burglary was in progress in a residence. On arriving at the scene, the police observed a light from a flashlight on the premises and heard someone in the house shout to someone else in the house. The officers also observed the back screen door had been broken and a wooden door was open. One defendant was found in the house hiding under a dining room table. The other defendant was found hiding under a bed with a chisel and a screwdriver. Nothing was found missing from the residence. The State contended the defendants had not committed a theft because their presence was quickly detected and they were stopped before the theft could be consummated. The court found this evidence was sufficient.
The case of State v. Moore, 446 So.2d 917 (La.App. 1st Cir.1984) is very similar to the instant case. In Moore, the police were alerted by a silent alarm at a business place. The metal building housing the business was surrounded by a cyclone fence topped with three strands of barbed wire. Forcible entry was made into the building by pulling away a building corner to create a passageway. The police observed the defendant exit the building from this passageway. The police ordered the defendant to stop, but he successfully fled. Further investigation failed to reveal a theft from inside the building. An automobile was discovered in a grassy area to the *970 east of the building. A license check of the vehicle revealed it was registered to the defendant. The defendant was subsequently identified by the police officer who saw him exit the building by his photograph in a "mug book". These facts were found sufficient to establish the requisite specific intent.
After reviewing the jurisprudence and the facts in the instant case, we conclude the circumstantial evidence herein is sufficient to allow any rational trier of fact to infer the defendant intended to commit a theft in the premises beyond a reasonable doubt. Significant to this determination are the following factors: (1) forcible entry of the premises during nonbusiness hours by a "stranger"; (2) when the police officer initially arrived, the defendant attempted to conceal himself; (3) a violent attempt by the defendant to avoid arrest; and (4) the swift (almost instantaneous) response by the police officer to the burglar alarm precluded the consummation of the offense intended.
This assignment of error is without merit.

DECREE
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Insufficient evidence cannot be the basis for a new trial. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). If the evidence supporting a conviction is insufficient, the defendant is entitled to a post verdict judgment of acquittal. La.C.Cr.P. art. 821. However, the insufficiency of the evidence supporting a conviction may be raised as an assignment of error on appeal.