CRAIN, Judge.
Ricky T. Scott was charged by bill of information with simple burglary, in violation of La.R.S. 14:62. He pled not guilty, was tried by jury and found guilty of the responsive verdict of attempted simple burglary. He was subsequently charged, adjudged and sentenced as a multiple felony offender. The court sentenced him to be confined for a term of ten years at hard labor to run consecutively to the sentence for a previous, unrelated simple burglary ' conviction. He has appealed urging three assignments of error:
1. The trial court erred in sustaining the state’s objection to defense counsel’s question to Wayne Scott regarding defendant’s attendance at the Wonderland Day Camp.
2. The jury's verdict was contrary to the law and to the evidence.
3. The sentence imposed was excessive and improper and amounted to cruel and unusual punishment.
FACTS
On March 3, 1985, Houma City police officer Troy Naquin was on patrol during the early morning hours. At East and West Streets, he noticed that the door on a mobile home inside a mobile home sales’ lot had been opened. About an hour earlier, Naquin had noticed the door was closed. Observing the open door, he drove his police unit onto the mobile home lot and positioned the unit with its headlights facing the open door. While Naquin waited for a back-up police unit, defendant peeked out from behind the door of the mobile home. *573 Naquin told defendant to come outside. Defendant complied and told Naquin he had been sleeping in the mobile home. The officer placed defendant against his police unit, frisked him and read him his Miranda rights, which defendant stated he understood. Defendant made another statement, saying he had been inside “looking around.”
Officer Naquin then contacted Douglas Voclain, a part owner and employee of Houma Mobile Homes, who came to the scene and informed the officer that defendant did not have permission to be inside the home. At the officer’s request, Voclain checked the interior of the home and determined that nothing was missing. The front door to the home had been pushed in and the striker plate on the door frame had been broken, apparently as a result of kicking or pushing the door open. Voclain noticed that the stove had been pulled out to the center of the kitchen and that the dresser in the back bedroom had also been moved to a location near the entrance to the bedroom.
After defendant was arrested, he made another statement to the effect that he had been inside the home looking for a restroom to use.
Perry Voclain, who at the time of the incident was employed by Houma Mobile Homes as a general manager and salesman, had checked the mobile home in question on March 2, secured it and determined it was locked. On the date in question, neither sewer, water nor other utilities were connected to the home.
ASSIGNMENT OF ERROR NO. 1:
By means of this assignment, defendant contends that the trial court erred in sustaining the state’s objection to defense counsel’s question to Wayne Scott, defendant’s brother, regarding defendant’s attendance at the Wonderland Day Camp.
In support of his position, defendant directs our attention to defense counsel’s opening statement at trial, during which defense counsel admitted that defendant entered the mobile home in question without permission from the owner or manager but differed with the state as to why defendant was inside the home, stating that he would show that defendant is mentally retarded, and defendant’s mental retardation reasonably accounted for his explanation for going inside the mobile home. Mental retardation would not be used to negate specific intent, rather, the attempt to steal would be denied. The state countered that defense counsel’s statement in opening argument regarding defendant’s being mentally retarded was irrelevant and immaterial and not an available defense since the issue of defendant’s sanity had already been decided. The trial court, however, overruled the state’s objection and allowed defense counsel to continue his opening statement. Thereafter, defense counsel again alluded to defendant’s mental capacity as providing a basis for a reasonable belief that defendant entered the home to look around, use the bathroom or go to sleep.
Following the conclusion of the state’s case in chief, defense counsel called his only witness, Wayne Henry Scott, defendant’s brother. Defense counsel asked the witness whether defendant ever attended Wonderland Day Camp (evidently a school for the mentally retarded). The state objected to the question on the grounds of relevancy, and the trial court sustained the objection. Defense counsel objected to the trial court’s ruling, asked no further questions, and called no other witnesses.
La.C.Cr.P. art. 651 provides in pertinent part: “When a defendant is tried upon a plea of ‘not guilty’, evidence of insanity or mental defect at the time of the offense shall not be admissible.” We decline to decide whether this evidence was admissible pursuant to La.C.Cr.P. art 651 and the related jurisprudence. The trial court sustained the state’s objection on the grounds of relevancy and not pursuant to art. 651. The only question defense counsel asked was whether or not defendant had attended the Wonderland Day Camp. This question was addressed to defendant’s brother. No expert medical testimony was offered. It was within the trial court’s discretion to *574 disallow the answer on the grounds of relevancy.[1]
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2:
By means of this assignment, defendant asserts that the verdict was contrary to the law and evidence. Defendant in essence admits the state proved all the elements of the instant offense except that he possessed the specific intent to commit a felony or theft inside the structure.
The proper method to raise the issue of insufficient evidence is by motion for post verdict judgment of acquittal pursuant to La.C.Cr.P. art. 821. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). The record does not indicate defendant made such a motion. A reviewing court, in spite of defendant’s failure to proceed properly, must consider the evidence to determine whether or not it meets the constitutional standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), now codified in art. 821. State v. Bell, 442 So.2d 715 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1244 (La.1984). The standard set forth in art. 821 is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Walker, 447 So.2d 54 (La.App. 1st Cir.1984). The Jackson standard of art. 821 is an objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the finder of fact must be satisfied the overall evidence “excludes every reasonable hypothesis of innocence”. La.R.S. 15:438 does not establish a stricter standard of review than the Jackson standard but “provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence.” State v. Chism, 436 So.2d 464, 470 (La.1983); State v. Rounds, 476 So.2d 965, 968 (La.App. 1st Cir.1985).
Simple burglary is defined in La.R.S. 14:62, in pertinent part, as follows:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein....
Specific intent to commit a felony or theft is required for attempted simple burglary, La.R.S. 14:27 and 14:62; State v. Jones, 426 So.2d 1323 (La.1983); State v. Marcello, 385 So.2d 244 (La.1980).
La.R.S. 14:10(1) defines specific intent as follows:
Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
Specific intent need not be proven as a fact. It may be inferred from the circumstances of the transaction and the actions of the defendant. La.R.S. 15:445; State v. Graham, 420 So.2d 1126 (La.1982); State v. Savoie, 448 So.2d 129 (La.App. 1st Cir.), writ denied, 449 So.2d 1345 (La.1984).
In order to attempt to commit a crime, an offender must actively desire to cause the specific results required by a particular criminal statute, and do or omit an act for the purpose of and tending directly toward the accomplishing of his object. La.R.S. 14:10 and 14:27; State v. Parish, 405 So.2d 1080 (La.1981), on rehearing, appeal after remand, 429 So.2d 442 (La.1983); State v. Moore, 477 So.2d 1231 (La.App. 1st Cir.1985), writs denied, 480 So.2d 739, 480 So.2d 741 (La.1986).
In Rounds, 476 So.2d 965, this court undertook an extensive review of cases centering on the question of what constitutes sufficient circumstantial evidence of *575 the requisite specific intent to commit a theft or a felony in a simple burglary case. In accordance with Rounds and the applicable cases cited therein, and after our careful examination of the facts of the instant case, we find that the circumstantial evidence here is sufficient to allow a rational trier of fact to infer beyond a reasonable doubt that defendant intended to commit a theft inside the premises.
Defendant admitted he lacked permission to be on the premises, placing him in the factual posture of a “stranger” to the premises. Naquin noticed the open door which he had observed shut one hour earlier. He discovered defendant peeking out the door. The general manager had checked the home on the previous night and had determined that it was secured and locked. Forced entry was apparent from evidence of damage to the striker plate and door frame showing that entry had been gained by pushing or kicking the door. Upon an inspection of the interior of the premises, it was observed that the stove in the kitchen had been moved to the center of the room and a dresser in a back bedroom had also been moved and relocated near the entrance to the bedroom. The jury could reasonably have inferred beyond a reasonable doubt, that defendant had broken into and was rummaging through the trailer with the intent to commit a theft.
Thus, applying the statutory rule as to circumstantial evidence as a component of the more comprehensive reasonable doubt standard, we find that the evidence supports the trier of fact’s finding of guilty of the offense of attempted simple burglary.
ASSIGNMENT OF ERROR NO. 3:
By means of this assignment, defendant contends that his sentence was excessive and amounted to cruel and unusual punishment.
Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983). Thus, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepul-vado. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. In determining whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Johnston, 476 So.2d 551 (La.App. 1st Cir.1985).
Defendant was found guilty of violating La.R.S. 14:62 and 14:27, attempted simple burglary, which carries a penalty of a fine not to exceed $1,000 or imprisonment with or without hard labor for not more than six years, or both.[2] Defendant was adjudged an habitual offender. He had a previous felony conviction for simple bur *576 glary and thus was subjected to punishment under La.R.S. 15:529.1(A)(1), which provides:
If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction;
Therefore, defendant was subject to a term of imprisonment, with or without hard labor, for a minimum of two years and a maximum of twelve years. Defendant received a sentence of ten years imprisonment at hard labor, to run consecutively to a sentence he was serving for the previous simple burglary conviction.
In sentencing defendant, the trial court noted that defendant was being sentenced as a multiple offender and that defendant had committed misdemeanor thefts during probation for a previous simple burglary conviction. In its reasons for sentence, the trial court felt that there was an undue risk and “almost a certainty” that during a period of suspended sentence or probation that defendant would commit another crime. The trial court noted that a previous revocation of a suspended sentence for a prior conviction for simple burglary was the result of defendant’s committing misdemeanor thefts. The trial court stated that defendant is in need of correctional treatment and a custodial environment that can best be provided by his commitment to a correctional institution and “in the absence of something being done to this defendant to get his attention, or to in some manner straighten him out, he will continue to commit crimes against property.”
Even absent defendant’s adjudication as a multiple offender, he was subject to imprisonment of up to six years at hard labor and imposition of a maximum fine of $1,000. The imposition of the instant sentence, although at the upper range of sentencing limitations for a multiple offender, is not unnecessarily severe in relation to defendant or the offense committed. The statement of the trial court’s reasons for sentence shows its close familiarity with defendant’s history and the circumstances of the instant crime. The record reflects the trial court fully considered the range of sentencing alternatives and individualized the sentence to the particular defendant and for the particular crime involved. We, therefore, find no manifest abuse of discretion.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Defendant contends the trial court committed reversible error in first allowing, over the state’s objection, his opening statements as to the mental retardation, and then not allowing him to prove the matter to the jury. The record clearly shows that the trial court sustained the objection on the grounds of relevancy. Had defendant presented expert medical testimony, we can infer that the court would have permitted the evidence to be introduced.

. La.R.S. 14:27(D)(3) provides in pertinent part, as follows:
D. Whoever attempts to commit any crime shall be punished as follows:
******
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
And La.R.S. 14:62 provides in pertinent part that:
Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.