840 So.2d 1271 (2003)
STATE of Louisiana, Appellee,
v.
Lewis WRIGHT, Appellant.
No. 36,635-KA.
Court of Appeal of Louisiana, Second Circuit.
March 7, 2003.
*1273 Rickey K. Swift, Carey J. Ellis, III, Rayville, for Appellant.
Richard P. Ieyoub, Paul J. Carmouche, District Attorney, Attorney General, for Appellee.
J. Thomas Butler, Alex J. Washington, Assistant District Attorneys.
Before WILLIAMS, DREW and HARRISON (Pro Tempore), JJ.
WILLIAMS, J.
The defendant, Lewis Wright, was charged by bill of information with one count of unauthorized entry of an inhabited dwelling, a violation of LSA-R.S. 14:62.3. Prior to trial, the state amended the bill of information to charge the defendant *1274 with one count of simple burglary, a violation of LSA-R.S. 14:62. After a jury trial, the defendant was found guilty as charged. Thereafter, the trial court sentenced the defendant to serve nine years at hard labor, with credit for time served. The defendant appeals, challenging the sufficiency of the evidence to convict him of simple burglary and the propriety of the trial court's jury instruction as to the applicable responsive verdicts to simple burglary.
Because we find that the state failed to present sufficient evidence to prove an essential element of the offense of simple burglary, we reverse the defendant's conviction and vacate his sentence.[1]

FACTS
Kenneth Webb was the owner of a house located at 1050 Pierremont Road in Shreveport, Caddo Parish, Louisiana. According to Webb, the house was rental property that he was having remodeled by Michael Johnson Builders. The building contractor, Michael Johnson, testified that the remodeling was an extensive renovation to repair fire damage.
On the date of the offense, February 25, 2001, Richard Upshaw, a neighbor, observed the defendant approach the house, crawl up some boards to the second level and enter the house through a door. Upshaw called 911 from his cellular telephone. Upshaw then parked his vehicle nearby and waited for the police to arrive. As Upshaw waited, he watched the defendant moving around inside the house through the front window. The defendant was "ducking" as if he had seen Upshaw and was trying to hide from his view. At trial, Upshaw positively identified the defendant as the person he had seen climb into and hide inside the house.
When Shreveport Police Officer Deidrick Williams arrived at the scene, he saw the defendant running away from the house. Officer Williams pursued the defendant on foot and apprehended him. After Officer Williams advised the defendant of his Miranda rights, the defendant admitted that he had been inside the premises. Upshaw identified the defendant at the scene as the person he had seen enter the house. Officer Williams testified at trial and made a positive in-court identification of the defendant as the person he had chased and apprehended on the day of the crime.
According to their trial testimony, neither Webb, the owner, nor Johnson, the contractor, had given the defendant permission to enter the house. Johnson testified that the front and back doors were damaged from the fire and were covered with plywood, which was screwed into the wood. Johnson also testified that the side doors were kept locked. Neither Webb nor Johnson observed any signs of forced entry. Johnson noted, however, that the plywood covering the back door had been removed. Webb testified that the house was left unlocked to allow the various work crews to come and go as necessary to complete the work. At the time of the crime, the house contained several items of value. Specifically, some air conditioning units were stacked in the center of the room during the remodeling process. However, there was no evidence that the defendant either caused any damage inside the house or disturbed any of the property in the house.
*1275 Initially, the defendant was charged by bill of information with the unauthorized entry of an inhabited dwelling, a violation of LSA-R.S. 14:62.3. Prior to trial, the state filed an amended bill of information charging the defendant with simple burglary, a violation of LSA-R.S. 14:62. The defendant objected to the amendment and requested a continuance on the ground that he was not prepared to proceed. The trial court found that the amendment had not prejudiced the defense and overruled the objection.
The defense did not present any evidence at the trial. The trial court instructed the jury of the possible responsive verdicts to the charge of simple burglary in compliance with LSA-C.Cr.P. art. 814(44). The defense did not make a contemporaneous objection to the jury charge.
The six-person jury rendered a unanimous verdict of guilty as charged. The defendant filed motions for new trial and post-verdict judgment of acquittal, which were denied. Thereafter, the state filed a habitual offender bill of information charging the defendant as a fourth felony offender. The defendant pled not guilty to the habitual offender bill. However, because the state failed to present any evidence at the hearing, the trial court found the defendant not guilty of the habitual offender charge.
With regard to the simple burglary conviction, the trial court sentenced the defendant to serve nine years' imprisonment at hard labor, with credit for time served. The defendant's motion to reconsider sentence was denied. The defendant appeals.

DISCUSSION
The defendant contends the evidence was legally insufficient to sustain his conviction of simple burglary. The defendant argues that the state failed to prove that he entered the dwelling with the specific intent to commit a felony or theft therein. He asserts that the evidence of intent was solely circumstantial and insufficient. The defendant also contends the trial court erroneously instructed the jury with regard to the responsive verdicts to simple burglary.
The state contends that the evidence was sufficient to prove the defendant's guilt of simple burglary beyond a reasonable doubt. It avers that the jury reasonably inferred that the defendant entered the house to commit a theft or other felony therein based on the neighbor's testimony and evidence of the defendant's flight from the scene. With regard to the erroneous jury instruction, the state argues that the defendant waived his right to complain of this error on appeal because he failed to enter a contemporaneous objection to the jury charge.
The question of the sufficiency of the evidence is properly raised by a motion for post-verdict judgment of acquittal. LSA-C.Cr.P. art. 821; State v. Gay, 29,434 (La.App.2d Cir.06/18/97), 697 So.2d 642. The record shows that the defendant properly raised the issue of sufficiency of the evidence in the trial court in a motion for post-verdict judgment of acquittal. Accordingly, he has properly preserved the issue for appellate review.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency-of-evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
*1276 The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
The statutory rule with regard to the use of circumstantial evidence to sustain a conviction is found in LSA-R.S. 15:438. This section provides that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
The determination of whether the requisite intent is present in a criminal case is for the trier of fact. State v. Huizar, 414 So.2d 741 (La.1982); State v. Butler, 322 So.2d 189 (La.1975); State v. Dean, 528 So.2d 679 (La.App. 2d Cir.1988).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. LSA-Const. art. V, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra.
Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La.App.2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12; State v. Miller, 561 So.2d 892 (La.App. 2d Cir.1990), writ denied, 566 So.2d 983 (La.1990).
Simple burglary is defined in LSA-R.S. 14:62, which states in pertinent part:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein ...
To support a conviction of simple burglary, proof of the defendant's presence in a building by means of an unauthorized entry is not alone sufficient. State v. Jacobs, 504 So.2d 817, 820 (La.1987), citing State v. Jones, 426 So.2d 1323 (La.1983). The prosecution must also prove beyond a reasonable doubt that the intruder had the specific intent to commit a theft or felony therein. See State v. Jones, supra.
LSA-R.S. 14:10(1) defines specific intent as follows:
Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
Although intent to commit a burglary is a question of fact, it need not be proved as a fact. It may be inferred from the circumstances. State v. Robinson, 29,488 (La.App.2d Cir.6/18/97), 697 So.2d 607, writ denied, 97-1845 (La.12/12/97), 704 So.2d 1200; State v. Kahey, 436 So.2d 475 (La.1983). A taking is not required. See State v. Jones, 97-2591 (La.App. 4th Cir.9/8/99), 744 So.2d 165, writ denied, 99-3141 (La.4/7/00), 759 So.2d 91. Displacement of the victim's possessions *1277 may be indicative of the specific intent to commit a theft under LSA-R.S. 14:62. See State v. Vortisch, 00-67 (La. App. 5th Cir.5/30/00), 763 So.2d 765.
In State v. Rounds, 476 So.2d 965 (La. App. 1st Cir.1985), the court extensively reviewed the jurisprudence regarding the circumstantial evidence necessary to prove an intent to commit a felony or theft in simple burglary cases:
The question of what constitutes sufficient circumstantial evidence to prove the specific intent to commit a theft or a felony in a simple burglary case has been extensively litigated. In State v. Ricks, 428 So.2d 794 (La.1983), there was a forced entry (screen door latch pulled loose) around midnight. The defendant had no mask, gloves, burglary tools or a weapon. Nothing belonging to an occupant of the residence was found in the defendant's possession. However, the defendant was not a "stranger" to the premises and claimed that he was attempting to visit a female occupant of the premises. This evidence was found insufficient.
In State v. Jones, 426 So.2d 1323 (La. 1983), the defendant was found in the alleged victim's home late at night. The defendant was a neighbor of the victim and contended he went to the victim's home to get a ride to the hospital. The defendant looked like a person in a drunken stupor and possessed no burglary tools, weapon, mask or gloves. Nothing belonging to the defendant was found in his possession. The Court held this evidence was insufficient and that mere unauthorized presence on the premises did not constitute a burglary.
In State v. Marcello, 385 So.2d 244 (La.1980), the evidence indicated the defendant had been sleeping in an air-conditioning unit on the roof of a building and climbed down a ladder and entered a third floor restroom. The defendant washed with soap and water and entered a hallway from the restroom. The defendant was observed by a porter and ran back into the restroom, climbed out of the window and fled into an adjacent parking garage. He was subsequently chased and arrested by the police in the garage. No property was reported missing. The defendant was not found with any burglary tools and his flight was caused by past convictions for sleeping in public places. This evidence was found insufficient.
In State v. Merrell, 442 So.2d 713 (La.App. 1st Cir.1983), the defendant walked into the victim's home, walked around for about fifteen to thirty seconds and left. He did not have possession of any weapons or burglary tools. The defendant did not run but rather wandered away. The defendant took nothing from the victim's home during the incident. This evidence was found insufficient.
In State v. Patterson, 459 So.2d 714 (La.App. 4th Cir.1984), a neighbor observed an open window on an unoccupied house across the driveway from her house. She also observed a strange car in front of the house and called the police. Within several minutes, she heard a horn blow and saw the police approach from both corners. The defendant exited the vacant house from the open window with a screwdriver in his hand. The defendant ran down the driveway, got in the waiting car and fled. Further investigation revealed the window had been forced open. A pair of pliers was lying on the ground beneath the window. Inside the premises, a window air-conditioning unit had been removed and dragged from another room. The court found this evidence was sufficient.

*1278 In State v. Perkins, 450 So.2d 396 (La.App. 1st Cir.1984), writ denied, 452 So.2d 694 (La.1984), the victim returned home and noticed the lock on the back door of his house had been pried open. He entered the house and observed the defendant standing in his kitchen. All of the kitchen cabinet drawers were open. The court found the defendant's presence in the home of a total stranger, the forcible entry and the evidence that the kitchen had been searched excluded every reasonable hypothesis but that the defendant had the intent to commit a theft therein and, thus, the evidence was sufficient.
In State v. Jacobs, 435 So.2d 1014 (La.App. 1st Cir.1983), the police received an anonymous call a burglary was in progress in a residence. On arriving at the scene, the police observed a light from a flashlight on the premises and heard someone in the house shout to someone else in the house. The officers also observed the back screen door had been broken and a wooden door was open. One defendant was found in the house hiding under a dining room table. The other defendant was found hiding under a bed with a chisel and a screwdriver. Nothing was found missing from the residence. The state contended the defendants had not committed a theft because their presence was quickly detected and they were stopped before the theft could be consummated. The trial court found this evidence was sufficient.[2]
When the evidence does not support a conviction of the crime charged, the court has generally remanded with instructions to discharge the defendant. State v. Byrd, 385 So.2d 248, 251 (La.1980). However, the discharge of the defendant is neither necessary nor proper if the evidence supports a conviction of a lesser and included offense which was a legislatively authorized responsive verdict. State v. Byrd, supra. See State v. Tillman, 356 So.2d 1376, n. 2 at 1379 (La.1978).
Responsive verdicts for the crime of simple burglary are set forth in LSA-C.Cr.P. art. 814, which provides in pertinent part:
A. The only responsive verdicts which may be rendered when the indictment charges the following offenses are:
. . . .
44. Simple Burglary:
Guilty.
Guilty of attempted simple burglary.
Guilty of unauthorized entry of a place of business.
Guilty of attempted unauthorized entry of a place of business.
Not guilty.
LSA-R.S. 14:62.4 defines the crime of unauthorized entry of a place of business as follows:
A. Unauthorized entry of a place of business is the intentional entry by a person without authority into any structure or onto any premises, belonging to another, that is completely enclosed by any type of physical barrier that is at least six feet in height and used in whole or in part as a place of business.
In State v. Jones, 516 So.2d 396 (La. App. 5th Cir.1987), the court found that a burglary defendant was not entitled to a jury charge on the lesser included offense of "guilty of an unauthorized entry of a place of business," where the burglary for which the defendant was charged occurred in a residence. The responsive verdict of unauthorized entry of a place of business was not applicable under the facts of the *1279 case because an essential element of that particular offense is lacking: specifically, that the structure entered was used "in whole or in part as a place of business."
LSA-C.Cr.P. art. 803 mandates that the trial court shall charge the jury as to the law applicable to the charged offense and to any other offenses of which the accused could be found guilty under LSA-C.Cr.P. art. 814 or 815. Where there are no statutory responsive verdicts provided in Article 814, the matter is controlled by Article 815 which provides that all lesser and included grades of the charged offense are responsive verdicts, even though the charged offense is a felony and the lesser offense is a misdemeanor. Lesser and included offenses are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged. State v. Cooley, 260 La. 768, 257 So.2d 400 (1972). Thus, evidence which supports a conviction of the charged offense necessarily supports a conviction of a lesser and included offense. Accordingly, when the accused requests an instruction to the jury on the law applicable to an offense which is truly a lesser and included grade of the charged offense, the trial court has no discretion to refuse to give the requested instruction.
Under LSA-C.Cr.P. art. 814 our legislature has enumerated specific responsive verdicts for the most commonly committed crimes. Article 815 only applies to crimes not listed in Article 814. State v. Merrell, 442 So.2d 713 (La.App. 1st Cir.1983). Since Article 814 provides the responsive verdicts to simple burglary, the trier of fact can not convict on the basis that some other offense has been committed and should have been listed as a responsive verdict. The trial court may exclude one of the responsive verdicts listed in Article 814, but it cannot add to their number. State v. Square, 433 So.2d 104 (La.1983).
Based upon the jurisprudence set forth on this subject as outlined above, we find that there was insufficient evidence to prove that the defendant in the instant case had the specific intent to commit a felony or theft in the house. There were no signs of forced entry. See State v. Rounds, supra. Also, there was no displacement of the victim's possessions. See State v. Vortisch, supra. Furthermore, the defendant did not possess any burglary tools or weapons, and was not wearing a mask or gloves. Therefore, the evidence viewed in the light most favorable to the prosecution was insufficient to convict the defendant of simple burglary.
As stated above, when a court finds that the evidence was not sufficient to support a verdict for the crime charged, the discharge of the defendant is neither necessary nor proper when the evidence supports a conviction of a lesser and included offense which is a legislatively authorized responsive verdict. State v. Byrd, supra. However, the responsive verdict of unauthorized entry of a place of business is not applicable to the circumstances of the instant case because the house was not "used in whole or in part as a place of business." LSA-R.S. 14:62.4(A). Although we find that the evidence was overwhelming to convict the defendant of unauthorized entry of an inhabited dwelling under LSA-R.S. 14:62.3, the prosecution amended the bill of information from the offense of unauthorized entry of an inhabited dwelling to simple burglary. Therefore, this conviction of simple burglary is reversed because of insufficient evidence to support that crime or any of the responsive verdicts thereto.
Because we have reversed the defendant's conviction, we pretermit any additional *1280 discussion with regard to his challenge to the propriety of the trial court's jury instruction.

CONCLUSION
For the above reasons, the defendant's conviction is hereby reversed and his sentence is vacated.
CONVICTION REVERSED; SENTENCE VACATED.
DREW, J., concurs with written reasons.
HARRISON, Judge Pro Tempore, dissents with written reasons.
DREW, J., concurring:
As usual, my learned colleague has produced a well-written opinion. I join her in holding, notwithstanding State v. Hooker, 623 So.2d 178 (La.App. 2d Cir.1993), that a conviction of simple burglary is impossible under these facts. There is absolutely no proof of a taking, nor proof of the intent to commit another felony inside the structure. Perhaps he was going to take a nap; perhaps he was curious. The evidence preponderates that Mr. Wright was looking to steal or commit a felony, but this element of simple burglary clearly wasn't proven beyond a reasonable doubt.
Certainly it would be a stretch to argue that this rent house is a "place of business," even though, at the time of the unauthorized entry, it:
 had recently been damaged by a fire,
 was unsuitable for habitation,
 was in the process of being renovated, and
 was intended to be an income-producing property.
My colleague correctly cites State v. Jones, (La.App. 5th Cir.1987), 516 So.2d 396, wherein this possible argument was dismissed. However, the Jones case is distinguishable, because the structure unlawfully entered in that case was indisputably the home of Mr. Jones. Still, under these facts, the "place of business" argument requires more contortion than this writer can perform.
Had the state not amended the charge, or had the state amended the information to charge simple burglary of an inhabited dwelling (LSA-R.S. 14:62.2), a felony conviction of unauthorized entry of an inhabited dwelling would have been appropriate under the proven facts, as that crime (LSA-R.S. 14:62.3) would have then been responsive to the crime billed. C.Cr.P. art. 814(44.1). However, the defendant was in fact prosecuted for simple burglary under LSA-R.S. 14:62, to which unauthorized entry of an inhabited dwelling is not responsive. C.Cr.P. art. 814(44).
The Legislature should reexamine the responsive verdicts for simple burglary, because the status quo is bizarre. It is inappropriate for Mr. Wright to walk away from all this, a free man, but on this record we have no choice. Considering the facts proven and the current law, I concur in this result. Regrettably, the defendant gets a free pass, even though he clearly and obviously committed a felony.
HARRISON, Judge Pro Tempore, dissenting.
I respectfully dissent. The jury could reasonably find that Wright entered this structure with the intent to commit a theft therein. These facts are essentially the same as in State v. Hooker, 623 So.2d 178 (La.App. 2d Cir.1993), and are clearly sufficient to establish the essential element of intent. I would, therefore, affirm the jury's verdict.
NOTES
[1] We find that there was sufficient evidence to convict the defendant of the initial charge of unauthorized entry of an inhabited dwelling; however, the state failed to prove an essential element of the amended charge of simple burglary, i.e., the entry occurred with the specific intent to commit a felony or theft therein.
[2] The Supreme Court reversed the conviction. State v. Jacobs, 504 So.2d 817 (La. 1987).