465 So.2d 27 (1984)
STATE of Louisiana
v.
Maurice Charles AITCH, Jr.
No. 83 KA 1434.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*29 James L. Alcock, Asst. Dist. Atty., Houma, for State.
John R. Walker, Indigent Defender Bd., Houma, for Maurice Charles Aitch, Jr.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON[*], JJ.
JOHN S. COVINGTON, Judge Pro Tem.:
Defendant, Maurice Charles Aitch, Jr., was charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62; after a bench trial, he was found guilty as charged. Subsequently adjudicated a second felony offender pursuant to LSA-R.S. 15:529.1, defendant was sentenced as a habitual offender to fifteen years at hard labor in the custody of the Department of Corrections. He appeals his conviction and sentence, alleging five assignments of error. However, as defendant failed to brief his third assignment of error, it is considered abandoned. Uniform Rules-Court of Appeal, Rule 2-12.4.
We affirm.
FACTS
Early one morning, the alarm system was triggered at a Houma supermarket. Two police officers arrived at the scene within four minutes, in separate marked units. The first officer observed a shirtless black male wearing black baggy pants and black canvas tennis shoes about fifty feet behind the store. Unable to stop her unit in time, the first officer radioed the man's description to the officer following her. The second officer called to the suspect to stop, but he ran and the officer was unable to catch him. The police proceeded to the store and discovered that the glass front door and a rear window had been smashed, and they found footprints leading from the front door to the back. Some of the broken glass found in the rear of the store had blood on it.
Having left to obtain a fingerprint kit, the first officer was returning to the store when she observed a man, the defendant, who matched the description of the suspect. She apprehended him and transported him to the store, where officers visually compared the size and sole pattern of his canvas shoes to the footprints found on the floor. After defendant's arrest, officers also discovered glass particles on his back and pants, and superficial scratches on his back. There were no items missing from the store.

ASSIGNMENT OF ERROR NO. 1
Defendant argues that the trial judge erred in qualifying an expert at trial in the area of trace (specifically glass) analysis. He contends that the court's acceptance of the expert was an abuse of discretion because the witness lacked sufficient training and had not previously been qualified by any court as an expert in the field.
Trace analysis is a sub-area of general criminalistics. The witness was unquestionably qualified as an expert in the field of general criminalistics, having served with the Jefferson Parish Sheriff's Office Crime Laboratory as a criminalist since 1976. She had been qualified as an expert in the field of criminalistics in four judicial districts. The witness had worked on 40-50 cases involving glass analysis in the previous two years, and had attended an intensive glass analysis training course at the F.B.I. Academy.
The competence of an expert witness is a question of fact to be determined within the sound discretion of the trial judge; his rulings on the qualification of expert witnesses will not be disturbed in the absence of manifest error. LSA-R.S. 15:466; State v. Myles, 432 So.2d 1018 (La. *30 App.1st Cir.1983). We find no abuse of discretion in this instance.

ASSIGNMENTS OF ERROR NOS. 2 AND 4
Defendant maintains that the trial court erred in denying his motion for acquittal and in finding him guilty, on the following bases: 1) insufficiency of the evidence; 2) failure of the state to prove every element of the case beyond a reasonable doubt; and 3) the court's erroneous interpretation of LSA-R.S. 15:432.
The essential elements of the crime of simple burglary are: (1) an unauthorized entry into a structure and (2) the intent to commit a felony or any theft therein. LSA-R.S. 14:62. Defendant contends that the state's circumstantial evidence was insufficient to prove either element. He also argues that his flight from the uniformed officers was improperly considered by the trial court to establish an inference of guilt.
When apprehended approximately thirty minutes after the break-in, defendant was dressed exactly the same as the suspect seen by two officers immediately after the store's alarm had sounded, walking away from the rear of the store. When asked to stop by a uniformed police officer in a marked unit, the man fled. Arresting officers observed small cuts and glass slivers on defendant's back and pants. They also visually compared defendant's tennis shoes with the footprints discovered in the store and testified that the prints and shoes matched in tread pattern and size. Blood discovered on broken glass from the store's rear window was revealed by lab analysis to be Type "O" human blood. Defendant has Type "O" blood.
Subsequent crime lab analysis revealed glass particles on defendant's pants and shoes, although the particles were too small for the expert witness to conclusively determine that they came from the store. Defendant makes much of the expert's testimony that the glass slivers she found on his clothing were too small to be visible to the naked eye. He also stresses that 45% of the world's population has Type "O" blood.
Defendant was the only witness to testify on his behalf. He admitted being on the street about a block from the burglarized store when first seen by the officers, but asserted that he was merely walking in the neighborhood after a night of drinking with friends. He stated that he saw two black males running down the street, and because he was on probation, he became scared and ran to the nearby home of a cousin. He denied being hailed by officers to stop. He stayed inside his cousin's house for about 5-10 minutes before leaving, after which he was almost immediately apprehended. Defendant asserted that he had removed his shirt at his cousin's house, because it was dirty, and accidentally dropped it in a yard outside when he left. Neither the cousin nor any of defendant's drinking friends of that evening testified.
Defendant also admitted wearing a pair of black, crepe soled shoes when arrested, but denied that the pair produced in court by the state was his. His shoes, he asserted, had a different tread pattern.
The constitutional standard for testing the sufficiency of evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Where circumstantial evidence is used to prove the commission of the offense (as in the instant case), LSA-R.S. 15:438 requires that: "... (A)ssuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." In our review of the sufficiency of the evidence, defendant urges us to disregard the Jackson standard, and to apply solely R.S. 15:438.
This we cannot do. As the Louisiana Supreme Court stated in State v. Wright, 445 So.2d 1198, 1201 (1984):

*31 "... R.S. 15:438 is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis for the conviction. State v. Austin, 399 So.2d 158 (La.1981). Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. R.S. 15:438 provides an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. Exclusion of every reasonable hypothesis of innocence is therefore a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict."
Having reviewed the evidence in the light most favorable to the state, we find that a rational trier of fact could have found defendant guilty beyond a reasonable doubt. We find no error in the trial judge's determination that the state had proved both elements essential to the crime of simple burglary.
Defendant is incorrect in maintaining that his flight from the officers was improperly considered by the trial judge. Flight and attempt to avoid apprehension may indicate a consciousness of guilt, and therefore is one of the circumstances from which a trier of fact may properly infer guilt. State v. Fuller, 418 So.2d 591 (La. 1982).
Defendant asserts that the trial court's erroneous interpretation of LSA-R.S. 15:432 provides ground for reversal of his conviction. That statute provides a presumption:
"... that evidence under the control of a party and not produced by him was not produced because it would not have have aided him ..."
In making his motion for acquittal, defendant relied on this presumption in pointing out to the trial judge the state's failure to produce fingerprints allegedly obtained from the store. An officer had testified that the prints obtained were not submitted to the crime laboratory for analysis. In denying defendant's motion, the trial judge commented that this presumption was a double-edged sword, and could well be applied to the defendant's failure to call certain alibi witnesses. Defendant argues that the judge's comment reveals an improper application of the statutory presumption to defendant, inasmuch as he had not yet begun, at that point, to present his case.
This argument is without merit. The record clearly reveals that the trial judge expressly stated that he was not in fact applying the presumption to the defendant, but was merely pointing out to him that the presumption would be applied to both sides equally. The denial of a motion for acquittal by the trial judge may be reversed on appeal only if there is no evidence of the crime charged or an essential element of the crime charged or where the denial is a palpable abuse of discretion. State v. Hargrave, 411 So.2d 1058 (La. 1982). We find no error in the trial court's denial of defendant's motion for acquittal.

ASSIGNMENT OF ERROR NO. 5
Finally, defendant argues that the trial court erred in denying his motion for a new trial. He contends that the verdict was contrary to the law and the evidence presented. LSA-C.Cr.P. art. 851(1).
The trial court's decision on a motion for new trial will not be disturbed absent a showing of a clear abuse of discretion. State v. Huizar, 414 So.2d 741 (La. 1982); State v. Rodrigue, 441 So.2d 1274 (La.App. 1st Cir.1983), writ denied 445 So.2d 436 (La.1984). For the reasons enumerated under our discussion of assignments two and four, we find no abuse of discretion by the trial judge in this instance.
This assignment of error is without merit.
*32 Accordingly, for the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this court pro tempore.