SAVOIE, Judge.
Cloveal Gordon, III was originally charged by bill of information with one count of felony theft. Prior to trial on the merits, the bill of information was amended to charge Gordon with the instant one count of simple burglary of an inhabited dwelling, a violation of L.S.A.-R.S. 14:62.2. He pled not guilty on the amended charge and, after a jury trial, was found guilty as charged. The trial court sentenced Gordon to six years imprisonment at hard labor, the first year to be served without benefit of parole, probation, or suspension of sentence.
The testimony presented at trial reflects that during the early morning hours of August 21, 1983, three Baton Rouge police officers were dispatched to a McKinley Avenue address to investigate an alleged burglary in progress. Detective Dean Thompson, the first officer at the scene, observed a black male, later identified as Gordon, standing next to an automobile parked in the lot of a cycle shop adjacent to the McKinley Avenue house. After asking Gordon to identify himself, Detective Thompson proceeded next door to the reported site of the burglary to continue his investigation.
Officer Jurgen Himpler, who arrived at the scene several minutes later, also immediately observed Gordon leaning over a parked automobile putting a screwdriver inside the top of the vehicle’s radiator. After approaching Gordon’s parked car, Officer Himpler observed some items, including weights, a lamp and lamp shade, and typewriter case, in the back seat of the car. Having been advised of his Miranda rights, Gordon volunteered that the items observed were his and that he was in the process of moving them from his mother’s Indiana Avenue address when his automobile overheated. In support of that explanation, he opened the trunk of his automobile where Officer Himpler observed other items. Among those items was a metal box with photographs of white people and mail addressed to McKinley Avenue. Gordon was arrested at the scene after Officer Himpler coordinated his investigation with that of the other officers and thereby determined that the mail in Gordon’s automobile was addressed to the occupant of the adjacent burglarized property.
ASSIGNMENTS OF ERROR
Defendant brings this appeal urging five assignments of error:
1. The trial court erred when it overruled defense objection to the admissibility of statements made by defendant.
2. The trial court erred when it denied defense motion to include attempted simple burglary as a responsive verdict.
*420 3. The trial court erred when it imposed an excessive sentence.
4. The trial court erred when it failed to follow the sentencing guidelines of La. C.Cr.P. art. 894.1.
5. The verdict is contrary to the law and/or the evidence.
Assignments of Error Nos. 1, 3, and 4 are not briefed and are thereby considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
ASSIGNMENT OF ERROR NO. 2
By means of this assignment, Gordon contends that the trial court erred when it denied defense motion to include attempted simple burglary as a responsive verdict.
A review of the record reveals that the jury was instructed that the possible verdicts were simple burglary of an inhabited dwelling, attempted simple burglary of an inhabited dwelling, simple burglary and not guilty, despite Gordon’s timely objection to the trial court’s failure to charge the jury that attempted simple burglary was also a responsive verdict.
Although Gordon was statutorily entitled to have the requested instruction given, the conviction based on that erroneous instruction need not be set aside. In State v. Dufore, 424 So.2d 256 (La.1982), the jury in fact chose to return a responsive verdict of attempted simple burglary of a pharmacy (the least severe culpable responsive verdict charged). In setting aside that conviction, the Louisiana Supreme Court noted that “the jury might have returned an even lesser verdict if the requested instruction [of simple burglary] had been given.” Dufore, 424 So.2d at 259.
In the case sub judice, defendant was found guilty of the charged offense of simple burglary of an inhabited dwelling despite the fact that the instant jury was instructed to consider the less severe culpable responsive verdicts of attempted simple burglary of an inhabited dwelling and simple burglary. On the facts shown, we find no prejudice to defendant as a matter of due process. Cf. Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). To rule otherwise would present an absurd result. Alternatives were open to the instant jury which was not constrained to convict defendant of any lesser included offense.
ASSIGNMENT OF ERROR NO. 5
By means of this assignment, Gordon contends that the jury erred by returning a guilty verdict as circumstantial evidence linking him to the instant crime did not exclude every reasonable hypothesis of innocence. In the alternative, Gordon argues the state failed to establish that he made an unauthorized entry into the burglarized premises.
The standard of review for sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime and defendant’s identity as perpetrator of that crime beyond a reasonable doubt. See La.C.Cr.P. art. 821. The statutory rule as to circumstantial evidence is that assuming every fact proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. L.S.A.-R.S. 15:438. Exclusion of every reasonable hypothesis of innocence is therefore a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict. State v. Nealy, 450 So.2d 634 (La.1984).
Gordon testified that during the evening in question he loaned his wife’s automobile to “Michael and Gregory” so they could drive from Joe’s Bar Room to a nearby store to buy some wine. Some time later that evening he was notified by telephone that the automobile had overheated and was abandoned. Gordon had been at the site of the abandoned car for about 40 minutes attempting to repair the car when the police officers arrived. Gordon admitted that he lied when he told Officer Him-pler that the items in the back seat of the car were his and that he was in the process *421 of moving them from his mother’s house. Gordon justified his lie as an attempt to protect “Michael and Gregory” for he, too, wondered about the source of the items. However, Gordon had been unable to locate either “Michael or Gregory” since the night of his arrest.
Gordon’s wife testified to confirm certain aspects of defendant’s testimony. Ms. Gordon testified that during the evening in question while en route to buy hose to wear to church the next morning, she observed the automobile which she had loaned her husband pass her on the road. The vehicle was occupied by two men neither of whom was her husband.
The trier of fact is free to accept or reject in whole or in part the testimony of any witness. State v. Norman, 448 So.2d 246, 249 (La.App. 1st Cir.1984), reversed on other grounds, 452 So.2d 1178 (La.1984), and may properly have excluded as unreasonable defendant’s presentation which placed him innocently at the crime scene.
Gordon also contends that there was insufficient evidence presented to show that he made an unauthorized entry into the burglarized premises. Of course, the state may prove one’s guilt by showing that he acted as a principal to the crime, by aiding, abetting, counseling or procuring another to commit the crime of simple burglary of an inhabited dwelling. L.S.A.-R.S. 14:24.
To be guilty as a principal to a burglary, the offender does not have to personally enter the burglarized building. State v. Kimble, 375 So.2d 924 (La.1979). Both Detective Dean Thompson and Officer Clarence Price testified that upon arrival at the scene it appeared that some one was still inside the house for they heard the sound of someone running. Although neither actually saw anyone leave the house, each heard the sound of someone climbing over the chain link fence which separated the burglarized premises from the cycle shop parking lot where Gordon was located. In addition, a tennis racket and several other items were found between the house and the fence in the back yard. These items, as well as items recovered from Gordon’s car, were later identified by the victim as having come from inside his house.
An essential goal of burglary, in addition to unauthorized entry, is safe and undetected retreat from the premises with fruits of the crime. A person who serves as a lookout and/or provides means of escape by manning a getaway car is a principal to burglary. State v. Holmes, 451 So.2d 1175 (La.App. 1st Cir.1984).
Evaluation of the totality of evidence presented, including the officers’ testimony which places Gordon standing near his wife’s car which was loaded with items from the burglarized premises, at a time when the burglary was apparently still in progress, convinces us that a jury could have excluded every reasonable hypothesis except defendant’s role as a principal to the instant burglary beyond a reasonable doubt.
Accordingly, this assignment of error is without merit.
For the foregoing reasons, the defendant’s conviction is affirmed.
AFFIRMED.