489 So.2d 1053 (1986)
STATE of Louisiana
v.
Efrem HERNANDEZ.
No. 85-KA-1427.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
Bryan Bush, Dist. Atty., Baton Rouge by Bill Hecker, Asst. Dist. Atty., for plaintiff-appellee.
Public Defenders' Office, Baton Rouge, for defendant-appellant.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
Defendant, an eighteen year old male, was arrested for attempting sexual intercourse with a six year old girl. He was observed by someone in the neighborhood while the act was in progress. After his arrest, Hernandez admitted to police that this was his second sexual encounter with the same child.
*1054 Hernandez was charged with attempted aggravated rape under LSA-R.S. 14:27 and 14:42. In a plea bargain arrangement, he was allowed to plead guilty to the reduced charge of sexual battery under LSA-R.S. 14:43.1. The district judge gave him the maximum sentence of ten years at hard labor. On appeal, Hernandez urges that the penalty is excessive and that the judge failed to comply with sentencing guidelines set out in LSA-C.Cr.P. art. 894.1.
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than a needless imposition of pain and suffering. A sentence is considered grossly disproportionate if one's sense of justice is shocked when comparing the punishment in light of the harm done to society. State v. Gray, 461 So.2d 627 (La. App. 1st Cir.1984). A sentence may fall within statutory limits and still be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
Before passing sentence, the district judge said in part:
... you were, in fact, attempting, when you were caught, to have sex relations with a six year old, and it was only a miracle that you were stopped before you completed the act. I'm convinced that you had made this effort before and the mother of the child was unable or unwilling to report the incident on a previous occasion. This is actually the second time that this incident occurred. I am convinced that the age of the victim in this matter, being six years old, and your description of the child as being that of a "fast nature", which is what you stated to your probation officer in connection with this matter, and this Court is of the opinion that no six year old can act in any way that would be provocative enough to take the action that you attempted to take in this particular case, and I have been convinced that there would be an undue risk that during the period of any type of suspension or probation that you would commit another crime of this nature, if you would do this to a six year old, there's no telling what you would do to either this young person again or anyone else ...
This court recently held that maximum sentences should be reserved for worst offenders committing the most serious crimes. State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983). We think the case at bar falls well within that category.
Defendant gained considerable advantage when he was allowed to plead guilty to sexual battery. Had he pleaded to or been convicted of attempted aggravated rape, his maximum penalty would have been fifty years at hard labor. Thus, even though Hernandez has received the maximum sentence under his plea bargain, it is only one-fifth of his possible exposure. This is not such harshness as to shock the conscience of the court, considering the seriousness of his offense. Accordingly, we affirm the maximum sentence as being appropriate under the circumstances.
In his second assignment of error, defendant contends that the district judge failed to comply with sentencing provisions mandated by article 894.1 of the Louisiana Code of Criminal Procedure.
It is now accepted law that while the trial judge need not recite the entire checklist of aggravating and mitigating factors, the record must reflect that the judge adequately considered the guidelines. The most important elements to be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record or absence thereof, seriousness of the particular offense, and the likelihood of recidivism or rehabilitation. Finally, the judge must state for the record the considerations taken into account and their factual basis. In effect, the judge must justify his sentence with factual reasons. State v. Soco, 441 So.2d 719 (La.1983).
In sentencing defendant, the court said in part:
Mr. Hernandez, I have reviewed your pre-sentence investigative report and I agree with your attorney that this is *1055 your first offense of any nature, according to your rap sheet, both as an adult and as a juvenile, and there has been no other similar type charge against you. I have taken all the guidelines into consideration under the provisions of Article 894.1, most of which are mitigating in your favor, that is, that you are a young man; that this is your first offenseserious offense against a person or otherwise; that you have never had any sort of similar type charges before against you in reference to sexual type charges, and you have otherwise a good family background. However, the seriousness of this particular type of offense concerns this Court a great deal, along with your attitude that you have exhibited, that is, your lack of remorse insofar as your investigative report, as exhibited by the pre-sentence investigation filed by Mr. Patin. I will make it a part of the record insofar as the sentence is concerned for any other Court to review further down the line should that be necessary.
At this point the judge spoke, as quoted above, about the risk to this child or anyone else if Hernandez were placed on suspension or probation. He then continued:
[T]hat you are in need of correctional treatment or custodial environment can be best be most effectively provided by your commitment to an institution and a lesser sentence would depreciate the seriousness of this particular crime, which is very offensive to this Court this type of offenseespecially with the age of the victim, being a minor. Therefore, sir, because of all of the circumstances taken into account, it is the sentence of this Court that you be confined to the Department of Corrections for the maximum time that the law provides for this offense, which is ten years.
This statement plainly shows the judge's awareness of the guidelines and their content. We hold that he provided sufficient factual reasons to comply with the statute.
Accordingly, defendant's second assignment of error has no merit.
AFFIRMED.