504 So.2d 1055 (1987)
STATE of Louisiana
v.
Jesse BROWN.
No. 86 KA 0785.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
Writ Denied May 29, 1987.
*1057 Jackie Marve, Asst. Dist. Atty., Houma, for State.
Paul E. Brown, Chief Counsel, Office of the Indignet Defendants, Houma, for defendant and appellant Jesse Brown.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
Jesse Brown was charged by bill of information with attempted simple burglary, in violation of La.R.S. 14:62 and 14:27. Defendant pled not guilty and was tried by a jury, which convicted him as charged. He was subsequently sentenced to serve a term of six years at hard labor.[1]
Defendant appeals that conviction and sentence, urging two assignments of error:
1. The jury's verdict was contrary to the law and evidence.
2. The sentence imposed by the trial court was excessive and improper under the circumstances and amounted to cruel and unusual punishment.

FACTS
On May 23, 1985, at approximately 11:30 p.m., Detective Richard Belanger of the Houma Police Department was dispatched to 305 Grinage Street in response to a silent burglar alarm. The building from which the alarm was triggered housed the law office of Joseph Kopfler.
Upon arriving at the scene, Detective Belanger observed two black males on the south side of the building. He recognized the two individuals as Howard Solomon and Jesse Brown, defendant. Solomon was standing on top of an air conditioning unit, located beneath a window leading into the building. Defendant was standing on the ground directly behind Solomon. Detective Belanger heard the glass in the window break and proceeded to get out of his car.
At that moment, defendant said, "Run, police", and fled to the rear of the building. Belanger got back in his police car and chased defendant, who was fleeing on foot, until he finally apprehended defendant several blocks away.
After being read his rights, defendant stated that he was not going to take the rap by himself and that Howard Solomon was the other subject involved. Detective Belanger, with defendant in his custody, then proceeded back to the scene where he apprehended Solomon, who was found walking in front of the building. Both Solomon and defendant were subsequently charged with attempted simple burglary.

SUFFICIENCY OF EVIDENCE
In his first assignment of error, defendant contends that the jury's verdict was contrary to the law and the evidence. He argues that no evidence was presented showing that defendant attempted to enter the premises or that he had anything to do with the planning of the crime or the commission of it.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), codified in La. C.Cr.P. art. 821. Under the standard the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984).
The Jackson standard of article 821 is an objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. When analyzing *1058 circumstantial evidence, La.R.S. 15:438 provides that the finder of fact must be satisfied the overall evidence `excludes every reasonable hypothesis of innocence'. La.R.S. 15:438 does not establish a stricter standard of review than the Jackson standard but `provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence.' State v. Rounds, 476 So.2d 965, 968 (La.App. 1st Cir.1985), citing State v. Chism, 436 So.2d 464, 470 (La.1983).
Simple burglary is defined in La.R.S. 14:62, in pertinent part, as follows:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein....
Specific intent to commit a felony or theft is required for attempted simple burglary. La.R.S. 14:27 and 14:62; State v. Jones, 426 So.2d 1323 (La.1983); State v. Marcello, 385 So.2d 244 (La.1980).
La.R.S. 14:10(1) defines specific intent as follows:
Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
Specific intent need not be proven as a fact. It may be inferred from the circumstances of the transaction and the actions of the defendant. La.R.S. 15:445; State v. Graham, 420 So.2d 1126 (La.1982); State v. Savoie, 448 So.2d 129 (La.App. 1st Cir.), writ denied, 449 So.2d 1345 (La.1984).
In order to attempt to commit a crime, an offender must actively desire to cause the specific results proscribed by a particular criminal statute and do or omit an act for the purpose of and tending directly toward the accomplishing of his object. La.R.S. 14:10 and 14:27; State v. Parish, 405 So.2d 1080 (La.1981), on rehearing, appeal after remand, 429 So.2d 442 (La.1983); State v. Moore, 477 So.2d 1231 (La.App. 1st Cir.1985), writs denied, 480 So.2d 739, 480 So.2d 741 (La.1986).
To be guilty of attempted simple burglary, the offender does not have to personally enter, or attempt to enter, the building. The state may prove a defendant's guilt by showing that he acted as a principal to the crime by aiding, abetting, counseling or procuring another to commit the crime. La.R.S. 14:24, State v. Gordon, 464 So.2d 418 (La.App. 1st Cir.), writ denied, 468 So.2d 571 (La.1985). An essential goal of burglary, in addition to unauthorized entry, is safe and undetected retreat from the premises with fruits of the crime. A person who serves as a lookout is a principal to burglary. State v. Gordon.
Further, a defendant's flight from the scene of a crime may indicate consciousness of guilt. As such, it is one of the circumstances from which guilt may be inferred. State v. Aitch, 465 So.2d 27 (La. App. 1st Cir.1984); State v. Moore, 446 So.2d 917 (La.App. 1st Cir.1984).
After a careful review of the record in this case, and considering the totality of the circumstances, we find that the evidence herein is sufficient to allow any rational trier of fact to conclude that the state proved each essential element of the crime beyond a reasonable doubt.
The record reveals that defendant and Solomon had no permission to be on the premises. Something triggered the building's silent burglar alarm at approximately 11:30 p.m. Upon arriving at the scene, Detective Belanger recognized defendant standing behind Howard Solomon, who was on top of an air conditioner. Belanger heard glass breaking and then heard defendant cry out, "Run, police."
A subsequent inspection of the crime scene made by Detective Belanger revealed a shattered window and footprints around the area. While at the police station, after he arrested the two suspects, Detective Belanger took their shoes for evidence. A former detective, Donald Adams, went to the crime scene the next day and made a plaster cast of a footprint discovered there. Ronald Singer, a criminalist with the Jefferson *1059 Parish Sheriff's Office Crime Lab, compared the shoes with the plaster cast. Singer testified at trial that one of defendant's shoes is the same size as the cast and possesses the same general sole pattern and the same outside heel wear pattern as the cast.
After defendant had been booked in the jail, Lt. Bill Null, Chief of Detectives, spoke to defendant at the Detective Bureau. Defendant gave a verbal statement. Then Null typed a statement from what defendant told him verbally, and defendant signed the same. Null read this typed statement to the jury at trial. Defendant told Null that he and Howard Solomon left a dice game on Solomon's bicycle. Solomon came up with the idea of breaking into a place because he needed some money. Defendant told Solomon he would not go inside the place but would act as lookout for him. Solomon was standing on the air conditioner, tampering with the window, when the police came. Defendant ran, but the police caught them both.
At trial, defendant took the witness stand in his own defense. He denied making the statement as typed by Null and claimed he did not read it before signing it. Defendant claimed that Null promised not to charge him with the offense if he gave a statement. Null denied making any promises to defendant and testified that he typed the statement just as it was made by defendant.
Defendant testified at trial that he and Solomon had stopped at the building to use the bathroom. Solomon stopped by the air conditioner; and defendant continued to the end of the building, where he urinated. Defendant heard a window break and turned around. Before he could do anything, the police were there; so he ran. This explanation apparently did not convince the jury, which concluded that defendant had attempted to burglarize the office building.
The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. It may properly have excluded as unreasonable defendant's presentation which placed him innocently at the crime scene. State v. Gordon, 464 So.2d 418.
The totality of evidence in this case is sufficient to support the verdict.
Accordingly, this assignment of error lacks merit.

EXCESSIVE SENTENCE
In assignment of error two, defendant contends his sentence is excessive and/or constitutes cruel and unusual punishment. He bases this contention on the facts that, at the time of the offense, defendant was only in his early twenties; the victim of the crime, Joseph Kopfler, was not seriously injured; defendant's involvement, as "lookout" in the crime, was only minor; and the crime did not involve violence.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. A sentence within statutory limits may still violate a defendant's constitutional right against excessive punishment, and so is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock one's sense of justice. State v. Reed, 409 So.2d 266 (La.1982). Moreover, maximum sentences are appropriately imposed only for the most serious violation of the described offense, and for the worst kind of offender. State v. Hernandez, 489 So.2d 1053 (La.App. 1st Cir.1986); State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983). A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the *1060 absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982).
Defendant was found guilty of attempted simple burglary which carries a penalty of a fine not to exceed $1,000.00 or imprisonment with or without hard labor for not more than six years, or both. La. R.S. 14:27(D)(3) and 14:62. Here, defendant received the maximum prison term of six years at hard labor.
The transcript of the sentencing hearing reveals that the trial court considered La. C.Cr.P. art. 894.1(A), which sets forth the factors justifying a sentence imposing imprisonment. The court further took into account the factors set forth in La. C.Cr.P. art. 894.1(B), which indicate when suspension of sentence or probation is appropriate. The trial court specifically noted that:
(1) defendant was on probation for a burglary conviction when he committed the present offense of attempted simple burglary;
(2) defendant's previous probation did not deter him from committing the same type of crime a second time;
(3) defendant's conduct threatened serious harm because Mr. Kopfler could have been working late in his office that night;
(4) nothing indicated that defendant was acting under strong provocation;
(5) nothing justifies stealing from another person; and
(6) defendant was unemployed and had chosen to be supported by his parents.
Additionally, the court concluded that the maximum sentence should be imposed as any lesser sentence would deprecate the seriousness of the offense.
After a careful review of the record and the trial court's explanation of sentence under La. C.Cr.P. art. 894.1, we conclude that the sentence is not excessive and is not an abuse of the much discretion granted to a trial court.
Assignment of error two is without merit.
Accordingly, the conviction and sentence in this case are affirmed.
AFFIRMED.
NOTES
[1] The record is devoid of evidence the trial court waited the required twenty-four hours after defendant's motion for post verdict judgment of acquittal was denied before imposing sentence. (La.Code Crim.P. art. 873). Nor does the record indicate defendant waived that waiting period. Defendant does not argue or in any way show he was actually prejudiced by the failure of the trial court to observe the waiting period. Such failure on the part of the trial court is harmless error where defendant does not show actual prejudice. State v. Mason, 447 So.2d 1134 (La.App. 1st Cir.1984). See also State v. White, 404 So.2d 1202 (La.1981).