527 So.2d 1057 (1988)
STATE of Louisiana,
v.
Rosha ABRAMS.
No. KA 87 1451.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
Lewis V. Murray, III, Franklinton, for plaintiff-appellee State of La.
James H. Looney, Asst. Public Defender, Office of the Indigent Defender, Covington, for defendant Rosha Abrams.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
COVINGTON, Chief Judge.
Defendant, Rosha Abrams, and two co-defendants were charged by bill of information with simple burglary, a violation of La.R.S. 14:62. The bill of information was subsequently amended to charge defendant's co-defendants with attempted simple burglary. Defendant remained charged with simple burglary. He was tried by a jury and convicted as charged. Subsequently, the state filed a habitual offender bill against defendant. The trial court adjudicated defendant a fourth-felony offender and sentenced him to life imprisonment at hard labor without probation, parole or suspension of sentence.
Defendant appeals his conviction and sentence, urging four assignments of error:
1. The trial court erroneously adjudicated defendant a fourth-felony offender.
2. The sentence imposed is excessive and disproportionate.
3. The evidence is insufficient to convict defendant of simple burglary.
*1058 4. A patent error check is requested.
We note at the outset that this Court routinely reviews every criminal record for patent errors. See La.C.Cr.P. art. 920. Our inspection of the instant record does not reveal the existence of such.

FACTS
On February 26, 1985, at about 2:19 a.m., police officers responded to the activation of a silent burglar alarm at the Otasco store in Bogalusa. The prompt response by the police to the alarm precluded the successful consummation of the offense intended. Officer Mike Godwin was on patrol, a short distance from the store. As he proceeded toward the store, he turned off the headlights of his police unit. After arriving at the store, he walked around it to check the doors and windows. As he approached an alleyway on the southside of the store, Officer Godwin heard footsteps coming from the alleyway. Defendant and co-defendant Theopalis Ball emerged from the alleyway. A third man, co-defendant Gregory Victor, fled and tried to conceal himself behind a large air conditioning unit adjacent to the store.
Officer Harry Hoppen was situated at the opposite end of the alleyway from Officer Godwin and heard Officer Godwin shout, "[H]e's running towards you.... there's another one." Lieutenant Hollis Galloway apprehended and arrested Victor.
The owner of the store, George Johnson, inspected the interior and exterior of the building. He stated that a large, 200 BTU, air conditioning unit (which had been cemented into the store wall approximately four to five feet above-ground) had been forcefully pried out of the store wall with a steel pry bar. The unit was sitting on the ground adjacent to the building and had a footprint on its topside. Johnson stated that it appeared that the unit had been used as a step-up to gain entry into the store. A display case (used to display television sets) within the store was positioned approximately six inches from the hole in the store wall. Johnson testified that a footprint on the back of the display case, abutting the wall where the air conditioning unit had been located, indicated that someone had attempted to kick over the case.
Johnson testified that, if the display case were kicked over, there would be sufficient room for someone to crawl through the hole in the wall and into the store. The air conditioning unit itself was alarm-wired; and, additionally, the store was equipped with motion detectors. As far as Johnson could determine nothing had been taken from the store.
Defendant testified that he had nothing to do with the burglary of the Otasco store. He stated that he was on his way to Graham's to get a snack for himself and his brother when he saw an acquaintance of his, Ball, and another man. Defendant claims that he heard a noise in the alleyway and was investigating the source of the sound when the police arrived. Defendant claims that he never went to the area of the alley where the air conditioning unit was located. He testified that he initially saw the police after a man said that the "cops" were there. As he turned to walk out of the alleyway, he was arrested.
On rebuttal, Officer Hoppen testified that, after apprehending defendant, he inquired as to the presence of any other people within the store because he was considering whether or not anyone might be armed and a threat to the safety of his fellow officers. Defendant said that there was no one in the store. He denied involvement in the burglary and implicated both co-defendants. Officer Hoppen confronted defendant with the fact that Ball had just implicated him and Victor. Hoppen testified that defendant then answered, "Yeah, I guess I'm caught up in it" or "Yeah, I guess I'm caught."

ASSIGNMENT OF ERROR NO. THREE
By this assignment of error, defendant challenges the sufficiency of the evidence to sustain the conviction of simple burglary. He contends the evidence does not prove an entry nor the specific intent to commit a felony or theft. Defendant alleges *1059 that the record is devoid of proof of his involvement in the burglary.
We note that, in order to challenge a conviction on the basis of insufficiency of the evidence, defendant should have proceeded by way of a motion for a post-verdict judgment of acquittal. See La.C.Cr.P. art. 821; State v. Britt, 510 So.2d 670 (La.App. 1st Cir.1987). Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error.
The standard of review for the sufficiency of the evidence is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. See La.C.Cr.P. art. 821; State v. Captville, 448 So.2d 676 (La.1984). This standard is an objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the finder of fact must be satisfied that the overall evidence "excludes every reasonable hypothesis of innocence." See State v. Wright, 506 So.2d 933, 936 (La.App. 1st Cir.1987).
The crime of simple burglary is the unauthorized entering of a structure with the intent to commit a felony or any theft therein. La.R.S. 14:62. The phrase "unauthorized entry" or "unauthorized entering" is used in the statutes proscribing the following crimes: simple burglary, La.R.S. 14:62; simple burglary of a pharmacy, La. R.S. 14:62.1; simple burglary of an inhabited dwelling, La.R.S. 14:62.2; unauthorized entry of an inhabited dwelling, La.R.S. 14:62.3; and unauthorized entry of a place of business, La.R.S. 14:62.4. The legislature obviously intended the same meaning for each by the use of the same phrase.
Other jurisdictions have defined "entry" whenever "any part of the defendant's person passes the line of the threshold." State v. Falls, 508 So.2d 1021, 1025 (La. App. 5th Cir.1987); citing 3 Wharton's Criminal Law, Section 332 (C.E. Torcia 14th Ed. 1980 & Supp.1986) at 202. It is sufficient if any part of the actor's person intrudes, even momentarily, into the structure. W.R. Lafave & A.W. Scott, Handbook on Criminal Law 710-11 (1972) at 710. In State ex rel. Womack v. Blackburn, 393 So.2d 1216 (La.1981), the Louisiana Supreme Court concluded that a "sprung latch on the inside door established an unauthorized entry of [a] lounge." Id. at 1220.
A footprint was found on the back of the display case located within the store. The air conditioning unit had been unplugged inside the building. These facts could raise the inferences to a reasonable trier of fact that at least an arm and a leg were placed through the hole in the store wall and into the store. We conclude that a reasonable trier of fact could have found that there was unauthorized entry into the store. State ex rel. Womack v. Blackburn, supra at 1219. The air conditioning unit was pried out of the store wall. Defendant walked out of the alleyway with Ball. He told Officer Hoppen that no other person was in the store and indicated he was caught red-handed. A reasonable inference could be drawn from the evidence that defendant, or one of his co-defendants, entered the store by putting an arm and a leg through the hole in the store wall. To be guilty as a principal to a burglary, the accused does not have to personally enter the burglarized building. State v. Kimble, 375 So.2d 924 (La.1979); State v. Gordon, 464 So.2d 418 (La.App. 1st Cir.1985), writ denied, 468 So.2d 571 (La.1985).
Specific intent to commit a felony or theft is required for the crime of simple burglary. Specific criminal intent is that state of mind which exists when circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10(1). Specific intent need not be proven as a fact. It may be inferred from the circumstances of the transaction and the actions of the defendant. La.R.S. 15:445. State v. Scott, 496 So.2d 571 (La. App. 1st Cir.1986), writ granted in part; denied in part; remanded for resentencing, 501 So.2d 766 (La.1987).
*1060 Theft is the misappropriation of anything of value belonging to another, either without the consent of the other to the misappropriation or taking or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential. La.R.S. 14:67. The Otasco store contains general home, sporting goods and automobile merchandise: guns, television sets, ammunition, tires, batteries, accessories, etc. A large air conditioning unit was destroyed in the process of being pried out of a hole in the store wall in which it had been cemented. A footprint was found on top of the unit and on the back of a display case in the store. Since there would be no valid reason for defendant, or his co-defendants to pry out the air conditioning unit and attempt to kick over a display case, during non-business hours, a rational juror could have reasonably inferred that the trio intended to gain entry in order to steal items out of the store.
The gist of defendant's testimony is that he was at the wrong place at the wrong time. He maintained his innocence when he took the stand at trial. When a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. An evaluation of the reasonableness of other hypotheses of innocence provides a helpful methodology for determining the existence of a reasonable doubt. The reviewing court does not simply determine whether there is another possible hypothesis which could explain the events in an exculpatory fashion. Rather, the reviewing court evaluates the evidence in the light most favorable to the prosecution and determines whether any alternative hypothesis is sufficiently reasonable that a rational juror could have found proof of guilt beyond a reasonable doubt. State v. Captville, supra; State v. Jacobs, 504 So.2d 817, 821 n. 6 (La.1987).
An appellate court will not reweigh the credibility of witnesses under the Jackson v. Virginia standard. State v. Rosiere, 488 So.2d 965 (La.1986). The trier of fact may exclude as unreasonable defendant's presentation which placed him innocently at the crime scene. See State v. Captville, supra. See also, State v. Rault, 445 So.2d 1203 (La.1984). Moreover, the trier of fact may have found that defendant's guilt was proved by the state by showing that defendant acted as a principal to the crime by aiding, abetting, counseling, or procuring another to commit the crime of simple burglary. See La.R.S. 14:24; see also, State v. Gordon, supra.
The jury's verdict indicates that, after considering the credibility of the witnesses and weighing the evidence it accepted the testimony of the state witnesses. Thus, applying the statutory rule as to circumstantial evidence as a component of the more comprehensive reasonable doubt standard, we find the evidence supports the trier of fact's finding of guilty of the offense of simple burglary. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. ONE
By this assignment of error, defendant challenges his adjudicated status of fourth-felony offender. Defendant claims that the evidence introduced at the habitual offender hearing did not indicate that defendant was advised of and knowingly waived his privilege against self incrimination, his right to trial by jury, and his right to confrontation in a predicate conviction based upon a guilty plea.
In case no. 35,089 of Washington Parish, 22nd Judicial District Court, defendant was charged with the crime of forgery. The minute entry reflects that, on November 29, 1979, defendant withdrew his former plea of not guilty and entered a plea of guilty as charged. The minute entry further reflects that the plea of guilty was accepted by the trial court.
Defendant denied the allegations of the multiple offender bill, and a hearing was held, at which defendant objected to the consideration of the predicate offense based on the guilty plea to forgery. Absent *1061 proof that defendant was properly Boykinized, the guilty plea in case no. 35,089 cannot be used to enhance defendant's sentence under the habitual offender statute. State v. Lefevre, 419 So.2d 862, 868 (La.1982). The transcript of the proceeding in case no. 35,089 was not introduced into evidence at the habitual offender hearing. Based upon the evidence the state did introduce at the hearing, we are unable to determine that defendant was properly Boykinized.
In accordance with the views expressed herein, defendant's conviction is affirmed; but the habitual offender adjudication and sentence are vacated, and the case is remanded to the district court for further proceedings consistent herewith. Consequently, we do not address assignment of error number two, alleging the excessiveness of the sentence imposed.
CONVICTION AFFIRMED, HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.