ALFORD, Judge.
Defendant, William Carl Holley, was charged by bill of information No. 9-86-467 with simple possession of Schedule I narcotics, in violation of La.R.S. 40:966(C). Defendant initially pled not guilty to the charge but subsequently withdrew the plea and entered a plea of guilty to a responsive charge of attempted possession.[1] Defendant was subsequently sentenced to serve a five year term of imprisonment at hard labor to be served concurrently with the sentences imposed in bill No. 2-87-789.[2] See La.R.S. 40:979(A). Defendant has appealed, urging two assignments of error but briefing only one: the trial court erred in imposing an excessive sentence and failing to comply with the guidelines of La. Code Crim. P. art. 894.1. Assignments of error not briefed on appeal are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
Defendant argues that the sentence is disproportionate to the crime and that he is a first felony offender. Moreover, defendant contends that, although the trial judge stated for the record that there was an undue risk that during a suspended sentence or probation, defendant would commit another crime, defendant claims that those statements are merely conclusions, without supporting reasons.
Article I, § 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. A sentence within the statutory limits may nonetheless violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La. 1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. Maximum sentences are reserved for the most egregious or blameworthy of offenders. State v. Brown, 504 So.2d 1055, 1059 (La.App.. 1st Cir.), writ denied, 506 So.2d 1223 (La. 1987). A trial court has wide discretion in the imposition of sentence within statutory limits, and the sentence imposed by it should not be set aside as excessive absent a manifest abuse of that discretion. State v. Lanclos, 419 So.2d 475 (La. 1982). Moreover, the benefit of. reduced penalty exposure obtained by a defendant through plea bargain is to be taken into consideration when imposing sentence. See State v. Tuggle, 509 So.2d 118 (La.App. 1st Cir.1987).
La.Code Crim. P. art. 894.1 sets forth the factors to be considered by the trial court before passing sentence. The record must reflect adequate compliance with the guidelines enumerated in the article. State v. Davis, 448 So.2d 645 (La. 1984).
The record does not support defendant’s claim that the sentence is disproportionate to the offense or excessive. Defendant was charged with the offense of simple possession of Schedule I narcotics. While out on bond, defendant was arrested and charged by bill of information with the offenses of possession with intent to distribute marijuana, possession with intent to distribute cocaine, and two counts of at *759 tempted first degree murder. We are unable to say that the trial judge abused his discretion in sentencing defendant when defendant grossly abused the opportunity to reform given to him by the trial judge.
The trial judge stated that he had reviewed the presentence investigation report and noted for the record that a plea bargain had been accepted on the instant offense[3] and that the matter had been set for sentencing pending return of the pre-sentence investigation report. The trial judge stated that he had every intention of probating defendant in connection with that plea bargain because he was convinced that defendant had made an effort to reform at that time. The trial judge additionally stated that he wanted to make it clear for the record that, while defendant was out on bond awaiting sentencing, he “pulled this stunt on December the 18th and 19th, insofar as the most serious charges that you can commit.” The trial judge additionally stated, “I’m convinced that I stuck my heck out for you insofar this original deal that we made on the original bill number 9-87-467, on the attempted possession of LSD. In connection with that plea, I intended to give you probation. I even let you out on bond on that matter and you let me down.”
In brief, defendant concedes that the court decided to incarcerate him because there was an undue risk that defendant would commit another crime during any period of suspension of sentence or probation. Defendant additionally admitted that the court stated he was in need of correctional treatment or a custodial environment which could best be provided by his commitment to an institution. Nonetheless, defendant alleges the trial judge gave no reasons in support of his conclusions. However, the sentencing transcript clearly reflects that the trial judge gave his reasons for the statements made. The trial judge specifically noted the likelihood that defendant would commit another crime, as exhibited by the fact that defendant, while out on bond, “committed this most serious crime of attempted first degree murder of a police officer — attempted manslaughter for which he was convicted.”[4]
The presentence investigation report notes that, although defendant is eligible for probation for the instant offense, probation is not recommended because of defendant’s violent tendencies and additional drug-related charges which reflect that defendant is continuing his criminal behavior and that he is not deterred from dealing in the drug culture.
The trial judge also considered the mitigating factors in defendant’s case. The trial judge noted that mitigating circumstances originally in defendant’s favor had now changed and that they were far outweighed by the aggravating circumstances surrounding the crimes committed by defendant while out on bond.
Based upon all of the circumstances of this case, we find no error in the sentence imposed upon defendant; accordingly, the conviction and sentence are affirmed.
AFFIRMED.

. Attempted possession of LSD is a responsive verdict to a charge of simple possession of LSD. See La.C.Cr. P. art. 814(A)(50). Defendant pled guilty to the responsive charge without a written amendment to the bill of information. A written amendment is not necessary when the D.A. consents to a plea of guilty to a lesser included offense of that charged in the indictment. See La.C.Cr. P. art. 558.

. The convictions resulting from the charges in bill no. 2-87-789 are the subject of an appeal also decided this day. See State v. Holley, 528 So.2d 752 (La.App. 1st Cir.1988).

. The bargain concerned reduction of the charge to attempted possession of LSD. The only bargain as to sentence was contingent upon whether or not the presentence investigation report was favorable to defendant; it was not favorable.

. See State v. Holley, 528 So.2d 752 (La.App. 1st Cir.1988).